Raymond WEBSTER, Jr. et
al., Appellants,

v.

George CARSON et al., Appellees.

No. B2325.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Nov. 26, 1980.

Rehearing Granted in Part and Overruled
in Part Dec. 24, 1980.

Lovell W. Aldrich, Aldrich & Buttrill, Houston, for appellants.

Vincent Rehmet, Barrow, Bland & Rehmet, Claude R. Treece, Gordon A. Holloway, Sewell & Riggs, Houston, for appellees.

Before COULSON, MILLER and SALAZAR, JJ.

MILLER, Justice.

This is a negligent entrustment case. Plaintiff-appellant Raymond Webster, Jr. (Webster) appeals from a judgment entered jointly and severally against Defendant-appellees Chuck Davis Leasing and Rental, Inc. (Chuck Davis) and George Carson (Carson). Carson has not filed a response to this appeal. In the court below the jury found for Webster and awarded amounts for physical and mental pain and suffering, loss of earning capacity, and medical expenses, totaling $31,000.00. The jury also

awarded $7,500.00 in exemplary damages. The trial judge rendered a judgment on the verdict, but disregarded $610.00 in past medical expenses and $9,180.00 in future medical expenses, as well as all $7,500.00 in exemplary damages. We affirm in part and reverse and render in part.

On October 7, 1971, Carson leased a 1972 Oldsmobile automobile from Chuck Davis. At the time he leased the vehicle, Carson did not have a valid motor-vehicle operator's license therefore he was not authorized to operate a motor vehicle within the State of Texas. Chuck Davis' representative did not inquire as to whether Carson had a license, even though the leasing form had a place for the license number to be filled in. Ten months later Carson, while driving the leased vehicle, struck an auto driven by Webster. Webster received the complained of injuries.

Webster brought suit against Carson and Chuck Davis. The jury, in response to special issues, exonerated Webster of any contributory negligence and found Carson negligent in various respects. The jury also found that Chuck Davis had negligently entrusted the leased vehicle to Carson, and that such action amounted to gross negligence. The jury awarded damages totaling $38,500.00 and the trial court, upon motion, disregarded $17,290.00 of the damages, and entered judgment in Webster's favor for the remainder. Webster filed this limited appeal to the lower court's judgment reducing the jury-awarded damages. Chuck Davis responds, and also asserts two cross-points.

■ In points of error 1, 2, 3, and 5 Webster complains that the trial court erred in disregarding $9,180.00 of future medical and hospital expenses, the exemplary damages, and the finding of the jury of gross negligence on the part of Chuck Davis. The trial judge, in disregarding part or all of the jury's findings and awards, in effect granted a judgment N.O.V. as to the issues and amounts disregarded. To sustain such an action it must be determined that there is no evidence having probative force upon which the jury could have made the findings relied upon. *Duran v. U. S. Fire Insurance Co.*, 579 S.W.2d 32 (Tex.Civ.App. —Tyler 1979, no writ); *Burt v. Lochausen*, 151 Tex. 289, 249 S.W.2d 194 (1952).

■ After carefully examining the record we find that there is sufficient evidence upon which the jury could have made the award of $15,000.00 in future medical expenses and that therefore the trial judge should not have disregarded $9,180.00 of this amount. We also find that this amount is not the result of passion, prejudice, or other improper motive nor is it so excessive as to shock a sense of justice in our minds. *Green v. Rudsenske*, 320 S.W.2d 228 (Tex. Civ.App.—San Antonio 1959, no writ). The award of $15,000.00 in future medical expenses is reinstated.

■ As to the finding of gross negligence and the award of $7,500.00, we agree with the lower court and we therefore affirm the court's action in disregarding the jury finding.

■ Gross negligence has been defined as a heedless and reckless disregard for the rights of others. Further, heedless and reckless disregard means more than momentary thoughtlessness, inadvertence, or error in judgment. It is such an entire want of care as to indicate that the act or omission in question was the result of conscious indifference to the rights, welfare, or safety of those persons affected by it. *Missouri Pacific Railroad Co. v. Shuford*, 72 Tex. 165, 10 S.W. 408 (1888); *Bennett v. Howard*, 141 Tex. 101, 170 S.W.2d 709 (1943).

The jury, in its response to Special Issue No. 2, found that at the time the automobile was leased Chuck Davis did not know that Carson did not have a valid driver's license. Further, there is nothing in the record to indicate that Chuck Davis had reason to believe that Carson was an incompetent driver (if he actually was) and thus a danger to the public when he was behind the wheel. Whether gross negligence is to be found depends of course on the particular facts in any given case and we find that Chuck Davis' conduct does not rise to this

level. The acts of negligence that have lead other courts to make a finding of gross negligence in a negligent entrustment case do not exist in the instant case. Representative of cases in which gross negligence was found are *Goff v. Lubbock Building Products*, 267 S.W.2d 201 (Tex.Civ.App.—Amarillo 1953, writ ref'd n. r. e.) (employer entrusted truck with known defective· brakes to 16–year old who employer knew did not have a driver's license); *Montgomery Ward & Co. v. Marvin Riggs Co.*, 584 S.W.2d 863 (Tex.Civ.App.—Austin 1979, no writ) (employer allowed employee to drive truck after employer was warned that employee "should not be turned loose on the truck", and that employee was "really nervous" and that he might never be a truck driver). *Cf. Southwestern Bell Telephone Co. v. Davis*, 582 S.W.2d 191 (Tex.Civ.App.—Waco 1979, no writ) (no negligent entrustment found even though evidence was adduced that employer "hired [driver] without inquiring or checking into his driving record; that he had his driver's license suspended two years prior to employment by Southwestern Bell for 6 months as a habitual violator of the traffic laws; that he was convicted after employment ... for 4 traffic violations which involved 2 accidents.")

We hold that there was no evidence to support the jury's finding of gross negligence and we find therefore that the trial judge did not err in disregarding the jury's findings as to Special Issues No. 16 and 17 relating to gross negligence and exemplary damages.

As to Chuck Davis' two cross-points of error, in light of the foregoing they have been adequately addressed and are hereby overruled.

The judgment of the trial court is affirmed in part and reversed and rendered in part.