McKinley WISE and Wife, Yolanda Wise, Appellants,

v.

COMPLETE STAFFING SERVICES, INC., Appellee.

No. 06–00–00136–CV.

Court of Appeals of Texas, Texarkana.

Sept. 20, 2001.

Rehearing Overruled Oct. 23, 2001.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

Opinion by Chief Justice CORNELIUS.

McKinley and Yolanda Wise appeal from a take-nothing summary judgment rendered in their suit against Complete Staffing Services, Inc. (Staffing). They sued, alleging that McKinley, while working at Mrs. Baird's Bakery, was attacked and severely injured by a temporary worker, Meredith Turner, who had been provided by and was actually employed by Staffing. McKinley Wise (Wise) was a supervisor at Mrs. Baird's, and Staffing provided Turner to Mrs. Baird's to do unskilled manual labor. Wise alleged that Staffing was negligent and grossly negligent in employing Turner because it did not sufficiently investigate his criminal background, and that Staffing had a "special relationship" with Turner and failed to adequately supervise his activities and adequately check his credentials. Wise also alleged that because of the special relationship with Turner, Staffing had a duty to discover and warn Mrs. Baird's about Turner's criminal background.

Wise also alleged negligence per se based on an application of Section 44.13(29bb) (the Private Investigators and Private Security Agencies Act). TEX. OCC. CODE ANN. § 44.13.[1] The petition does not specify which of the act's fifty subsections was alleged to apply. Wise also sought recovery for Yolanda Wise's loss of consortium.

Staffing moved for summary judgment, contending that under the facts alleged by Wise, it had no general duty to seek or obtain criminal records of its employees, that no special circumstance existed that would impose any heightened level of duty on it, and that there is no evidence that it

Ron Ramey, Houston, for Appellant.

Philip Robert Brinson, Brown, Sims, Wise & White, PC, Houston, for Appellee.

---

1. Since this suit was filed, Section 44.13, which consisted of fifty subsections, has been repealed and recodified in TEX OCC.CODE ANN. § 1702.001–388 (Vernon Pamph.2001).

assumed such a duty. There is no disagreement about the facts in this case, but only about the proper application of the law to those facts.

Wise focuses on a single theory of liability: that Staffing undertook a criminal background check on Turner, but violated its duty to perform the check in a non-negligent manner. The Wises' claim of negligent hiring is based on alleged violations of that duty.

When the facts giving rise to a duty are undisputed, the existence of a duty is a question of law for the court to decide from the facts surrounding the occurrence in question. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex.1996) (citing *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex.1995)). As a general rule, a person has no legal duty to protect another from the criminal acts of a third person or to control the conduct of another. *Centeq v. Siegler*, 899 S.W.2d at 197.

Wise argues that Mrs. Baird's had a duty, and that Staffing placed itself in Mrs. Baird's shoes by volunteering or undertaking to meet that duty. Thus, we first determine whether Mrs. Baird's had a duty to investigate Turner's background.

The basis of liability under the doctrine of negligent hiring is the master's own negligence in hiring or retaining in his employ an incompetent servant whom the master knows, or by the exercise of reasonable care should have known, was incompetent or unfit, thereby creating an unreasonable risk of harm to others. *Estate of Arrington v. Fields*, 578 S.W.2d 173, 178 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.). An employer owes a duty to its other employees and to the general public to ascertain the qualifications and competence of the employees it hires, especially when the employees are engaged in occupations that require skill or experience and that could be hazardous to the safety of others. *Texas & Pac. Ry. Co. v.*

*Johnson*, 89 Tex. 519, 35 S.W. 1042, 1044 (1896); *Estate of Arrington v. Fields*, 578 S.W.2d at 178; *Jeffcoat v. Phillips*, 534 S.W.2d 168, 172 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.).

In order to recover on a negligence claim, a plaintiff must establish (1) a legal duty owed by the defendant to the plaintiff to protect the latter against injury; (2) a breach of that duty; and (3) damages proximately resulting from the breach. *Praesel v. Johnson*, 967 S.W.2d 391, 394 (Tex.1998); *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex.1987). Duty is the threshold inquiry. *Praesel v. Johnson*, 967 S.W.2d at 394; *El Chico Corp. v. Poole*, 732 S.W.2d at 311.

We have recently discussed the factors involved in determining whether a duty exists in a given situation.

> The decision to impose a legal duty involves complex considerations of public policy, including social, economic, and political questions and their application to the particular facts at hand. *Graff v. Beard*, 858 S.W.2d 918, 920 (Tex.1993). In deciding whether to impose a duty on a particular defendant, courts weigh the risk, foreseeability, and likelihood of injury against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing that burden on the actor. *Praesel v. Johnson*, 967 S.W.2d at 397–98; *Otis Eng'g Corp. v. Clark*, 668 S.W.2d 307, 309 (Tex.1983). Other proper considerations include whether one party would generally have superior knowledge of the risk or a right to control the actor who caused the harm. *Praesel v. Johnson*, 967 S.W.2d at 397; *Graff v. Beard*, 858 S.W.2d at 920. Of these, the foremost consideration is the foreseeability of the risk. *El Chico Corp. v. Poole*, 732 S.W.2d at 311.

*Allen v. Albright,* 43 S.W.3d 643 (Tex. App.—Texarkana 2001, no pet.).

█ We first address Wise's claim of negligent hiring. The issue here is whether the employee was placed in a situation that foreseeably created a risk of harm to others because of his employment duties. It is therefore unlike the situation in *Estate of Arrington v. Fields.* In *Arrington,* the employer was found liable for negligently hiring someone as an armed security guard when he had a long criminal record. *Id.* at 184. The court concluded that it was more foreseeable that a customer might be harmed when the employee is armed and charged with performing a hazardous job that requires skill or experience. *See id.* at 178.

This case is closer on its facts to *Guidry v. Nat'l Freight, Inc.,* 944 S.W.2d 807 (Tex. App.—Austin 1997, no writ). In *Guidry,* while making a delivery by truck, a driver stopped to "stretch his legs," wandered to an apartment complex, and sexually assaulted a woman. The victim sued the trucking company for the negligent hiring, supervision, and retention of the driver. Guidry argued that the company had a duty to check the driver's criminal background and that such an investigation would have revealed a history of sexually predatory behavior, thereby making foreseeable a risk of his injuring Guidry. The court held that the company had no such duty. *Id.* at 811. The court held that although the company had a duty to the driving public to employ competent drivers, the duty did not require the company to conduct independent investigations into its employees' nonvehicular criminal backgrounds. *Id.* (citing *Connes v. Molalla Transp. Sys., Inc.,* 831 P.2d 1316, 1323 (Colo.1992)). The court recognized that while the company could foresee that the driver might stop to stretch, it could not foresee the risk that the driver would commit a sexual assault while on duty, and

because that type of conduct was unforeseeable, the company owed no legal duty to the victim of the driver's criminal conduct. *Id.* at 812.

█ The holding in *Guidry* is in line with the general negligent hiring rule, which is aimed, not at avoiding a general propensity for bad acts, but to protect the public and fellow employees from workers who are unsafe or dangerous on the job. *Estate of Arrington v. Fields,* 578 S.W.2d at 178. The incompetency must, in some manner, be job-related. *Dieter v. Baker Serv. Tools,* 739 S.W.2d 405, 407 (Tex. App.—Corpus Christi 1987, writ denied). Turner did not injure Wise as a result of his incompetence or unfitness for the job, but by an intervening criminal act. Under this analysis, Mrs. Baird's had no duty to check the criminal histories of its employees unless it was directly related to the duties of the job at hand. Thus, Staffing also had no such duty.

█ Wise argues that because Staffing voluntarily undertook to perform such a duty, it had a duty to perform it without negligence. It is uncontested that Staffing did perform a criminal history check on Turner. It limited its check, however, to Harris County, where Turner had lived for the last four years. It did not seek information from any other area. The summary judgment evidence shows that Turner was a repeat employee of Staffing, that his application showed he was working between college semesters, and that Staffing had contacted his prior employers and received good reports about him.

In support of its motion for summary judgment, Staffing submitted a copy of a letter sent by Staffing to Mrs. Baird's following the attack, in which Staffing responded to Mrs. Baird's inquiry about the attack. In the letter, Stacey Horne (an employee of Staffing) said that Staffing did perform criminal background checks, as

well as contacting prior employers. The letter does not expressly delineate the scope of the background check, but it does state that a "thorough" background check had been performed.

In summary, Staffing did undertake to perform a service, but the scope of that service is not clearly stated. Staffing's representatives contend that the background check was limited to Harris County, while Turner's prior criminal record was from Fort Bend County. Wise contends that a portion of Houston is in Fort Bend County, and because Staffing represented that it conducted a "thorough" background check, it negligently performed its undertaking by limiting it to Harris County.

The summary judgment evidence does not conclusively show that Mrs. Baird's agreed that Staffing's background check would cover only Harris County. In addition, Wise presented evidence against the granting of summary judgment that Staffing's background check of Turner was inadequate and negligently performed. Staffing's summary judgment evidence does not controvert all of these allegations. It does contend that Staffing only undertook to do a background check in Harris County, but it does not contradict Wise's evidence against the granting of summary judgment that such a limited check constituted negligence in itself. Because a fact issue exists on whether Staffing negligently performed its investigation of Turner's criminal history, summary judgment on the negligent hiring issue was not proper.

 Wise also argues that because there were special circumstances with respect to Staffing's relationship with Turner, it had a heightened level of duty. This argument concerning special circumstances is abstracted from the exception to the rule that, generally, there is no duty to control the conduct of third persons. *See Greater Houston Transp. Co. v. Phillips,* 801 S.W.2d 523, 525 (Tex.1990). The general rule does not apply when a special relationship exists between the actor and the third person that imposes a duty on the actor to control the third person's conduct. *See id.* These special relationships include those of an employer and employee, a parent and child, and in special cases, an independent contractor and contractee.

The employer and employee exception has been dealt with earlier. There are also other situations, however, where special relationships exist that also enlarge the duties of a party—usually where there is a reasonable foreseeability of injury. Such situations include what is generally described as potential contact with particularly vulnerable individuals. *Golden Spread Council of Boy Scouts v. Akins,* 926 S.W.2d 287 (Tex.1996) (organization held negligent for recommending scoutmaster despite rumors of his past sexual deviancy); *Scott Fetzer Co. v. Read,* 945 S.W.2d 854, 866 (Tex.App.—Austin 1997), *aff'd,* 990 S.W.2d 732 (Tex.1998) (imposing duty on company to check salesmen who demonstrated products only in homes); *Porter v. Nemir,* 900 S.W.2d 376 (Tex.App.—Austin 1995, no writ) (a psychologically fragile victim was sexually assaulted by a drug counselor); *Doe v. Boys Clubs of Greater Dallas, Inc.,* 868 S.W.2d 942 (Tex.App.—Amarillo 1994), aff'd. 907 S.W.2d 472 (Tex.1995) (employer whose function is to care for and educate children owed a higher duty to its patrons to exercise care in the selection of its employees than would other employers); *Deerings W. Nursing Ctr. v. Scott,* 787 S.W.2d 494, 495 (Tex.App.—El Paso 1990, writ denied) (nursing home was sued for negligence in hiring an unlicensed nurse-employee who assaulted an elderly visitor). In the *Golden Spread Council of Boy Scouts* case, the court held that liability is imposed when the entity brings into contact or association with the vulnerable person an individ-

ual whom the entity knows or should know is particularly likely to commit intentional misconduct, under circumstances which afford a peculiar opportunity or temptation for such misconduct. *Golden Spread Council of Boy Scouts v. Akins,* 926 S.W.2d at 291, citing RESTATEMENT (SECOND) OF TORTS § 302B, cmt. e (1965).

Cases finding no special relationship sufficient to impose a duty include: *Boyd v. Texas Christian Univ., Inc.,* 8 S.W.3d 758, 760 (Tex.App.—Fort Worth 1999, no pet.) (relationship between a private university and its adult students is not recognized by Texas law as a special relationship); *Houser v. Smith,* 968 S.W.2d 542, 546 (Tex. App.—Austin 1998, no pet.) (customer not part of a specially protected group, even though sexual assault occurred on the work premises); *Guidry v. Nat'l Freight, Inc.,* 944 S.W.2d at 810 (third party not part of specially protected group when truck driver leaves his truck and commits rape).

Wise has directed us to no authority imposing an expanded duty on an employer or suggesting that an employee under this type of allegation of harm is a part of a specially protected group. Further, the social implications of requiring an unlimited background check of all employees, and then imposing liability if an employee is harmed by the criminal actions of a coworker, are beyond what we believe would be appropriate. Thus, Wise has not demonstrated that the trial court erred by rendering summary judgment on this basis.

 Wise further contends that the trial court erred by rendering summary judgment on his claim of negligence per se based on his interpretation of the Private Investigators and Private Security Agencies Act. TEX. OCC.CODE ANN. § 1701.001 et seq. (Vernon Pamph.2001). In his petition, Wise alleges that Staffing was in violation of the code because it was acting as an investigation company. The definition of an investigation company as regulated by the code is set out in Section 1702.104. That section defines an investigation company as one that engages in the business or accepts employment to obtain various types of criminal background information. There is no summary judgment evidence that Staffing engages in this type of business. Accordingly, the trial court did not err by rendering summary judgment on this issue.

Wise's claim for negligent performance of Staffing's undertaking to check Turner's criminal background is severed from the other claims; the summary judgment as to that claim is reversed and the cause remanded for trial. The trial court's judgment as to Wise's other claims is affirmed.