Chey Anne McDORMAN, By and Through Minor's Next Friend Shannon CONNELLY, et al., Plaintiffs,

v.

TEXAS–COLA LEASING COMPANY LP, LLLP, d/b/a Coca Cola Enterprises Bottling Companies, et al., Defendants.

No. CIV.A.1:03–CV–153–C.

United States District Court,
N.D. Texas,
Abilene Division.

Oct. 23, 2003.

FED. R. CIV P. 12(b)(1), Petrec's requests for further relief in this matter are denied as moot.

Joe Kendall, Debbie Branscum, Karl A. Rupp, Provost Umphrey Law Firm, Brian H. Fant, Law Office of Brian H. Fant, Dallas, TX, for Plaintiffs.

Robert L. Craig, Jr., Craig, Terrill & Hale, Lubbock, TX, Damon M. Young, Law Office of Damon Young, Texarkana, TX, for Defendants.

## *ORDER*

CUMMINGS, District Judge.

On this day the Court considered Defendant Texas–Cola Leasing's Motion for Summary Judgment and Defendants' Motion for Partial Summary Judgment on Exemplary Damages Issues filed on July 31, 2003. Plaintiffs filed their Response on August 20, 2003. After considering all the relevant arguments and evidence, the Court is of the opinion that Defendant Texas–Cola Leasing's Motion for Summary Judgment should be **GRANTED** and Defendants' Motion for Partial Summary Judgment should be **GRANTED**.

## I.

## FACTUAL BACKGROUND

This action arises out of an automobile accident that occurred on July 26, 2003, approximately two and one-half miles from Coleman, Texas, on U.S. 283. Tammie McDorman was killed and her son, Billy Jack Shaw, Jr., was injured when a Coca Cola van rear-ended the pickup truck they occupied. As a result of the accident, Billy Jack Shaw, Jr. received significant injuries, including cerebral trauma. Plaintiffs allege the driver of the van, DeMarco Upshaw, failed to observe the warnings and stop when he came to a construction site on the highway. Five vehicles were stopped in a line waiting to pass through the construction. Plaintiffs further allege that as a result of DeMarco Upshaw's failure to come to a stop, the van he was driving rear-ended Tammie McDorman's pickup and caused a chain reaction, pushing one vehicle into the next along the line of five stopped vehicles. Tammie McDorman's pickup was crushed and she was killed. Following the accident, Mr. Upshaw was not allowed to drive a company vehicle again. As previously stated, Billy

Jack Shaw, Jr. was severely injured and continues to experience the results of cerebral trauma. Suit was brought by (1) the Estate of Tammie McDorman; (2) Billy Jack Shaw, Jr., by and through Veta Jo Foster due to incapacity; (3) Chey Anne McDorman, by and through Shannon Connelly due to minority; (4) Billie Joe Shaw; (5) Shannon Connelly; and (6) Terry Gene Fortune (collectively "Plaintiffs"). The named defendants in the suit are Coca Cola Enterprises, Inc. and Texas–Cola Leasing (collectively "Defendants").

After moving to Texas a couple of months earlier from California, DeMarco Upshaw was hired in September of 2001 to work at Coca Cola Enterprises, Inc. ("Coca Cola"). Mr. Upshaw worked as a "merchandiser" for Coca Cola and his employment duties included visiting assigned stores, filling the beverage department with products, building displays, and filling cold-drink equipment. He was not moved into a driving position until March 2002. Defendant Coca Cola maintains that it conducted a background check on DeMarco Upshaw's driving record and criminal record. Coca Cola also sent out inquiries to Upshaw's previous employers in California but received no replies back from them. Defendant claims the check conducted on his driving record showed no driving violations of any kind. A criminal background check was conducted for Alameda County, California,[1] which also came back clear. On his employment application, Upshaw checked "No" where it asked if he had ever been convicted of a felony. However, on his release to conduct a criminal background check, where it stated, "List any felony convictions and provide the dates, county, parish and state," he wrote, "California, but will like to talk about it in person." Brandene Williamson, the Hu-

---

1. Deposition testimony indicates that the prior felony convictions for domestic violence and marijuana possession occurred in Alameda County, California.

man Resources Administrator for Coca Cola, was responsible for pulling the background information on Mr. Upshaw. A third-party investigative service, D.A.C. Services, was used to actually conduct the checks. After receiving clear criminal-background and driving-record checks from D.A.C., Brandene Williamson assumed Mr. Upshaw was mistaken on his consent form as to whether the convictions had actually been for felonies because applicants in the past who wanted to be completely honest mistakenly wrote down locations for misdemeanor convictions. She never questioned the accuracy of the D.A.C. reports because Coca Cola had used D.A.C. Services for years without incident.

In fact, Upshaw had a felony conviction for possession of marijuana with intent to sell resulting from a prior arrest almost five years earlier in August of 1996. Defendants contend that the five-year-old possession conviction is irrelevant because DeMarco Upshaw was given a pre-employment drug test, a random drug test taken during his employment, and a post-accident drug test, the results of which were all negative for drug use. Upshaw also had a history of domestic violence in California relating to a prior girlfriend. Furthermore, deposition testimony indicates that Upshaw had a suspended driver's license in California before moving to Texas because he failed to make child support payments. Testimony also suggests that Mr. Upshaw had been cited on two occasions while driving when he lived in California: (1) once for not wearing a seat belt, and (2) once for driving with a suspended license. The background checks showed none of these incidents. However, Mr. Upshaw claims in his deposition testimony that he fully and truthfully told Ms. Williamson and others about his criminal background.

The van DeMarco Upshaw was driving at the time of the accident was owned by Defendant Texas–Cola Leasing Company LP, LLLP, d/b/a Coca Cola Enterprises Bottling Companies ("Texas–Cola Leasing"). Texas–Cola Leasing leases all the vehicles it owns to Coca Cola. Texas–Cola Leasing asserts that Coca Cola maintained care, custody, and control of the vehicles, while Texas–Cola Leasing retained none of those rights. Deposition testimony indicates that there is no evidence that the van involved in the accident was defective or not functioning properly. Defendant Coca Cola admits that it hired and employed DeMarco Upshaw and that Texas–Cola Leasing did not hire, supervise, or employ him. Additionally, Coca Cola admitted that DeMarco Upshaw was acting in the course and scope of his employment with Coca Cola at the time of the accident.

## II.

### PROCEDURAL BACKGROUND

This lawsuit began in the Eastern District of Texas with a complaint filed by Plaintiffs on September 9, 2002. An Amended Complaint was filed on November 13, 2002, followed eventually by Defendants' Second Amended Answer on June 23, 2003. Defendants filed a Motion for Partial Summary Judgment on July 31, 2003. Additionally, on the same day and incorporated within the same motion, Defendant Texas–Cola Leasing filed a Motion for Summary Judgment. On August 12, 2003, before considering Defendants' Motion for Partial Summary Judgment or Texas–Cola Leasing's Motion for Summary Judgment, venue was transferred to this Court's Abilene Division. Plaintiffs filed their Response to the Motions on August 20, 2003. Defendants' Motion for Partial Summary Judgment involves two issues: (1) that Plaintiffs have no evidence showing a prima facie case of negligent

hiring or negligent entrustment, and (2) that Plaintiffs have no evidence showing a prima facie case supporting exemplary damages through the doctrine of respondeat superior. Defendant Texas–Cola Leasing's Motion for Summary Judgment asserts that Plaintiffs have no evidence tending to show a prima facie case against it, as Texas–Cola Leasing neither hired or employed the driver involved, nor did it control or maintain the vehicle involved in the accident.

## III.

### STANDARD

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (internal quotations omitted). An issue is "material" if it involves a fact that might affect the outcome of the suit under the governing law. *See Burgos v. Southwestern Bell Telephone Co.,* 20 F.3d 633, 635 (5th Cir. 1994). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. In making its determination, the court must draw all justifiable inferences in favor of the non-moving party. *Id.* at 255, 106 S.Ct. 2505.

Where the nonmoving party bears the burden of proof on a claim upon which summary judgment is sought, the moving party may discharge its summary judgment burden by showing that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's case," the non-movant must come forward, after adequate time for discovery, with significant probative evidence showing a triable issue of fact. *Id.* at 324, 106 S.Ct. 2548; Fed. R. Civ. P. 56(e); *State Farm Life Ins. Co. v. Gutterman,* 896 F.2d 116, 118 (5th Cir.1990). Conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation are not adequate substitutes for specific facts showing that there is a genuine issue for trial. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428 (5th Cir.1996) (en banc); *SEC v. Recile,* 10 F.3d 1093, 1097 (5th Cir.1993). To defeat a properly supported motion for summary judgment, the non-movant must present more than a mere scintilla of evidence. *See Anderson,* 477 U.S. at 251, 106 S.Ct. 2505. Rather, the non-movant must present sufficient evidence upon which a jury could reasonably find in the non-movant's favor. *Id.* Furthermore, summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548.

## IV.

### DISCUSSION

Plaintiffs brought suit against Defendants for negligence, among other things. The negligence cause of action includes: (1) liability under the doctrine of respondeat superior; (2) negligence in hiring, supervising, or retaining DeMarco Upshaw; and (3) negligently entrusting a vehicle to DeMarco Upshaw. Plaintiffs also brought a cause of action for malice because Defendants allegedly "had actual, subjective

awareness of the risk" and proceeded anyway with an "entire want of care" along with a "conscious indifference" to the "extreme degree of risk."

### Defendant Texas–Cola Leasing's Motion for Summary Judgment

Defendant Texas–Cola Leasing moves for summary judgment asserting that Plaintiffs have no evidence tending to show a prima facie case supporting their causes of action against it. Particularly, Texas–Cola Leasing asserts that Plaintiffs cannot show that it hired, trained, supervised, or employed DeMarco Upshaw. In their Response, Plaintiffs concede that "Texas–Cola Leasing is entitled to summary judgment on their negligent hiring claim." *See* Pl. Resp. at p. 27. Therefore, the Court finds no genuine issue of material fact exists for this cause of action against Texas–Cola Leasing and summary judgment is proper on this issue.

Additionally, Texas–Cola Leasing asserts that Plaintiffs have no evidence to support allegations that Texas–Cola Leasing is liable under the doctrine of respondeat superior. Plaintiffs, in their Response, make no argument as to whether Texas–Cola Leasing is liable under the doctrine of respondeat superior. The Court assumes no such argument has been advanced by Plaintiffs because, without having hired or employed DeMarco Upshaw, Texas–Cola Leasing cannot, as a matter of law, be liable under the doctrine of respondeat superior. Moreover, Defendant Coca Cola has admitted that Upshaw was acting within the course and scope of his employment *for Coca Cola.* Therefore, the Court finds no genuine issue of material fact exists for a respondeat superior cause of action against Texas–Cola Leasing and summary judgment is proper on this issue.

Plaintiffs "submit that Texas–Cola Leasing is *not,* however, entitled to summary judgment on Plaintiffs' negligent entrustment claim." *See* Pl. Resp. at p. 27. Texas–Cola Leasing asserts that while it owns the vehicle, Plaintiffs cannot show that Texas–Cola Leasing controlled or maintained the vehicle because it leased the van to Coca Cola and therefore Plaintiffs' negligent entrustment claim is without merit. No evidence has been presented to show that Texas–Cola Leasing maintained or controlled the van that DeMarco Upshaw was driving at the time of the accident. Rather, evidence was submitted indicating the van was leased to Coca Cola Enterprises, Inc., who actually employed Mr. Upshaw.

Plaintiffs argue that either Texas–Cola Leasing entrusted the van to Mr. Upshaw through Coca Cola or, at a minimum, it was eminently foreseeable to Texas–Cola Leasing that those leased vehicles would be entrusted to Coca Cola employees. *See* Pl. Resp. at p. 27. Further, Plaintiffs contend that Texas–Cola Leasing could reasonably have anticipated that an injury would result as a natural and probable consequence of its entrustment of the van to Coca Cola and its employees. Plaintiffs cite to *Schneider v. Esperanza Transmission Company,* 744 S.W.2d 595, 596 (Tex.1987), for the latter argument. The Court finds these arguments wholly without merit and no evidence has been presented to find otherwise. The *Schneider* case does not stand for the proposition that liability for negligent entrustment can be passed tenuously up the chain to the vehicle's true owner in instances where the owner leases the vehicle along with all rights of control and maintenance to the employer of the entrusted employee. In fact, lessees of vehicles generally assume complete responsibility for the operation of the leased vehicles for the duration of the lease. *Cf. Morris v. JTM Materials, Inc.,* 78 S.W.3d 28 (Tex.App.—Fort Worth 2002, no writ) (dealing with interstate carriers

and their duties under Federal Motor Carrier Safety Regulations). No evidence has been presented that would suggest Texas–Cola Leasing maintained any control over the van involved in the accident. As a matter of fact, Coca Cola admits that it "controls and maintains the Chevrolet Van involved in the accident, and it was at all times under Coca Cola Enterprises, Inc.'s care, custody and control." *See* Def. Mot. at p. 3; Pl.App. at p. 93. Thus, as a matter of law, Plaintiffs have failed to show a genuine issue of material fact that would give rise to liability on the part of Texas–Cola Leasing for negligent entrustment, and summary judgment is therefore proper.

Plaintiffs also conceded that no evidence was produced to allow for the awarding of exemplary damages as against either Defendant under the doctrine of respondeat superior. Because of this concession, and because all other actions against Texas–Cola Leasing have been disposed of by summary judgment, the Court finds that the cause of action for malice is improper as to Texas–Cola Leasing and no liability for exemplary damages exists against Texas–Cola Leasing. Moreover, even had the action for negligent entrustment not been disposed of through summary judgment, Plaintiffs failed to meet their burden of producing evidence that would, as a matter of law, allow for exemplary damages against Texas–Cola Leasing. In summation, the Court **GRANTS** the Motion for Summary Judgment made by Defendant Texas–Cola Leasing Company LP, LLLP, d/b/a Coca Cola Enterprises Bottling Companies, because Plaintiffs have failed to meet their burden or have conceded the issues.

**Defendants' Motion for Partial Summary Judgment**

Both Defendants filed their Motion for Partial Summary Judgment on several issues: (1) Plaintiffs have no evidence showing a prima facie case that Defendants negligently hired, supervised, or retained DeMarco Upshaw, particularly regarding the elements of proximate cause and duty; (2) Plaintiffs have no evidence that Defendants negligently entrusted the vehicle to DeMarco Upshaw; and (3) Plaintiffs have no evidence showing a prima facie case supporting exemplary damages through the doctrine of respondeat superior. As previously found by the Court, Texas–Cola Leasing is entitled to summary judgment on these issues; but because the arguments by the parties use the term "Defendants," the Court may also use that term.

*THE LAW & NEGLIGENT HIRING*

"Texas law allows recovery for negligent hiring and supervision in cases where the employer's direct negligence in hiring or retaining an incompetent employee whom the employer knows, or by the exercise of reasonable care should have known, was incompetent or unfit, thereby creating an unreasonable risk of harm to others." *Garcia v. Hospice of El Paso,* 2003 WL 21961177 at *5 (W.D.Tex.2003) (citing *Wise v. Complete Staffing Services, Inc.,* 56 S.W.3d 900, 902 (Tex.App.—Texarkana 2001, no pet.)). Texas has long recognized an employer's duty to make inquiry into the competence and qualifications of those considered for employment, and an employer may be guilty for negligently hiring an incompetent employee and thus be held liable for damages. *Arrington v. Fields,* 578 S.W.2d 173, 179 (Tex.Civ. App.—Tyler 1979, writ ref'd n.r.e.).

Negligently performing the hiring imposes liability on the employer if the plaintiff's injuries result from the failure by the employer to take reasonable precautions in protecting the plaintiff from the misconduct of the employee. *Garcia v. Allen,* 28 S.W.3d 587, 592 (Tex.App.—Corpus Christi 2000, pet. denied). A plaintiff cannot recover for the tort of negligent

hiring absent some evidence that the defendant did not act with reasonable care. *See Sibley v. Kaiser Found.*, 998 S.W.2d 399, 404 (Tex.App.—Texarkana 1999, no writ). However, arguing generally that summary judgment evidence illustrates that a defendant did not act with reasonable care in investigating an employee is insufficient; the record must support such an argument. *Id.* Before liability will be imposed, there must be sufficient evidence indicating that the defendant knew or should have known that a *foreseeable* harm would eventually befall the victim. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 526 (Tex.1990) (emphasis added).

■ All the elements of a negligence claim must still be proved by a plaintiff in order to prevail on a claim of negligent hiring. *See Wise*, 56 S.W.3d at 902 (citing *Praesel v. Johnson*, 967 S.W.2d 391, 394 (Tex.1998)). The elements of a negligence claim would include the elements of a legal duty that was owed to another, a breach of that duty, and injury proximately resulting from the breach. *Phillips*, 801 S.W.2d at 525.

### A. Duty

■ An employer owes a duty to its other employees and to the general public to ascertain the qualifications and competence of the employees it hires, especially when the employees are engaged in occupations that could be hazardous to the safety of others. *Wise*, 56 S.W.3d at 902. However, just because a defendant clearly has a duty to the driving public to employ competent drivers, this duty does not require an independent investigation into employees' nonvehicular criminal backgrounds. *Houser v. Smith*, 968 S.W.2d 542, 545 (Tex.App.—Austin 1998, no writ) (citing *Guidry v. Nat'l Freight, Inc.*, 944 S.W.2d 807, 811 (Tex.App.—Austin 1997, no writ)).

### B. Proximate Cause

■ The elements of a negligence claim would also include the element of proximate cause. *Id.* The element of proximate cause requires the components of cause-in-fact and foreseeability. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex.1995). Therefore, in order to establish proximate cause, a plaintiff must show that the defendant's actions in hiring, supervising, or retaining an employee were the cause-in-fact of the injuries and the resulting injuries were a foreseeable consequence. *Houser*, 968 S.W.2d at 545. Foreseeability is a pivotal issue in assessing whether an employer has a duty in the context of a negligent hiring, supervising, or retaining of an employee. *Dailey v. Albertson's, Inc.*, 83 S.W.3d 222, 228 (Tex.App.—El Paso 2002, no pet.). A particular injury is foreseeable if its general character might have been reasonably anticipated from the defendant's negligent conduct. *Doe*, 907 S.W.2d at 478.

> Foreseeability requires that a person of ordinary intelligence should have anticipated the danger created by a negligent act or omission ... [and] that the injury was of such a general character as might reasonably have been anticipated and that the injured party was situated with relation to the wrongful act that the injury ... was reasonably foreseen.

*Dailey*, 83 S.W.3d at 228 (citations omitted) (finding summary judgment appropriate due to lack of foreseeability). Whether an injury is foreseeable in a particular instance requires "more than someone, viewing the facts in retrospect, theorizing an extraordinary sequence of events whereby the defendant's conduct brings about the injury." *Doe*, 907 S.W.2d at 478. If prior convictions did "not indicate criminal conduct in any way akin" to the harm that befalls a plaintiff, then "no reasonable mind could anticipate the result." *Id.*

Thus the injury would be too remotely related to any failure to properly investigate, screen, or supervise the employee. *Id.*

■ "The question of foreseeability, and proximate cause generally, involves a practical inquiry based on 'common experience applied to human conduct.'" *Id.* (citing *City of Gladewater v. Pike,* 727 S.W.2d 514, 518 (Tex.1987)). Furthermore, cause-in-fact is not shown if a defendant's negligence did no more than furnish a condition which made the injury possible. *Id.* The evidence must go further and show that such negligence was the proximate, and not the remote, cause of the resulting injuries and justify the conclusion that such injury was the natural and probable result thereof. *Id.* at 477. "In other words, even if the injury would not have happened but for the defendant's [hiring], the connection between the defendant and the plaintiff's injuries may be too attenuated to constitute legal cause." *Id.*

Plaintiffs' pleadings allege that Defendants were negligent in hiring and retaining Mr. Upshaw, whom Defendants knew, or by the exercise of reasonable care should have known, was incompetent, unfit, or reckless and therefore posed a risk of harm to Tammie McDorman and Billy Jack Shaw, Jr. This claim seems to be predicated on Plaintiffs' allegation that Mr. Upshaw had a prior conviction for marijuana possession with intent to sell and domestic violence convictions in California, along with the fact he had received citations for no seat belt and for driving with a suspended license. Mr. Upshaw's driver's license had been suspended in California for failure to make child support payments.[2] The Plaintiffs also appear to allege a duty to perform the criminal background check without negligence. As stat-

ed in the above-cited case law, Defendants had no duty to check DeMarco Upshaw's criminal record that was not related to his driving.

Some testimony exists that suggests that DeMarco Upshaw completely and truthfully informed certain individuals of his past criminal acts. Even if taken as true, this would not have placed Coca Cola on notice that Mr. Upshaw was unfit to drive a company vehicle. However, sufficient testimony exists that indicates if Mr. Upshaw's background had been properly discovered, he would not or should not have been hired. Specifically, testimony exists that Coca Cola's policy is such that it evidently does not hire an individual with drug convictions, a violent background, or problems with his driving record. Defendants claim Mr. Upshaw's prior acts have little relation to driving a vehicle and do not relate to the accident. Plaintiffs seem to allege that Coca Cola should never have hired Mr. Upshaw because its policy is to prevent putting fellow employees and customers in harm's way by hiring a violent employee. Even if true, such reasoning fails because the nexus between the harm that occurred, a traffic accident, and violating a hiring policy in place to protect fellow employees and customers from violent assaults by employees, is too tenuous.

■ Under these circumstances, the Court finds it was not foreseeable that someone with Mr. Upshaw's background would be involved in this accident. Convictions for domestic violence and possession with intent to distribute, along with traffic violations unrelated to unsafe driving, lack the nexus to the accident in question to establish liability for negligent hiring. Even when taken as true that Mr.

---

**2.** Deposition testimony exists showing Mr. Upshaw had received a speeding ticket approximately one month prior to the accident. However, this had not occurred at the time of hiring.

Upshaw truthfully and completely informed Coca Cola of his felonies and citations, such information did not indicate reckless or unsafe driving habits toward others on the roadways. The Court finds that even if Defendants were aware or should have been aware of Mr. Upshaw's prior convictions and traffic violations, proximate causation has not been met. Specifically, neither cause-in-fact nor foreseeability has been shown. In summary, the Court finds that under the circumstances and evidence presented, as a matter of law, no genuine issue of material fact exists regarding whether it was foreseeable that Mr. Upshaw would be involved in the accident. Furthermore, the Court finds that Mr. Upshaw's prior acts were not of the type that a reasonable mind could have anticipated the harm that occurred, a traffic accident.

## NEGLIGENT ENTRUSTMENT OF A VEHICLE

■ In a negligent entrustment action, the plaintiff must show: (1) entrustment of the vehicle by its owner or custodian, (2) to an incompetent driver, (3) that the owner knew or should have known was unlicensed, incompetent, or reckless, (4) that the driver was negligent, and (5) the driver's negligence proximately caused the accident. *Schneider,* 744 S.W.2d at 596.

■ Evidence exists in the deposition testimony to show that Mr. Upshaw had a valid Texas driver's license at the time he was entrusted with the van and at the time of the accident. However, deposition testimony also exists that indicates Mr. Upshaw's driver's license was suspended in California before he moved to Texas. The evidence reveals the California license was suspended for failure to pay child support. Under these circumstances, the Court finds that Defendants did not negligently entrust the van to an unlicensed driver because Mr. Upshaw held a Texas license

in good standing and the reasons for the suspension of the California license were unrelated to driving ability.

Plaintiffs must therefore proceed on the argument that DeMarco Upshaw was either an incompetent or a reckless driver. The Defendants argue that there is no evidence or insufficient evidence to show that Mr. Upshaw was a reckless or incompetent driver or that Defendants knew or should have known that he was a reckless or incompetent driver. This argument is apparently premised on the contention that the risk that might have caused the entrustment to be negligent under some circumstances, did not cause the accident.

■ Knowledge of the driver's incompetency at the time of the entrustment is an essential element to establish negligence. *Briseno v. Martin,* 561 S.W.2d 794, 796 n. 1 (Tex.1977). "For entrustment to be a proximate cause, the defendant entrustor should be shown to be reasonably able to anticipate that an injury would result as a natural and probable consequence of the entrustment." *Schneider,* 744 S.W.2d at 596. Foreseeability and causation are necessary elements of proximate cause. *Id.* at 597. The Texas Supreme Court in *Schneider* has specifically held that negligent entrustment cannot lie if "[t]he risk that caused the entrustment to be negligent did not cause the collision." *Id.* (finding no proximate cause because defendant's entrustment of the vehicle to a driver did not cause the accident, and the defendant's knowledge about the driver did not lead it to foresee the danger resulting in the injury).

■ There was some testimony to indicate that the persons responsible for the hiring process might have been aware of Mr. Upshaw's prior convictions because, in Upshaw's deposition testimony, he claims he completely and truthfully told them

about his past felony convictions and minor traffic violations.[3] There is also evidence showing that his supervisor was aware Mr. Upshaw was taking classes addressing domestic violence. Moreover, there is adequate testimony that Coca Cola would not allow a person with Mr. Upshaw's criminal background behind the wheel, presumably, and inferred from the testimony, because allowing such a person to drive a company vehicle might foreseeably create an unreasonable risk of violence to customers and fellow employees. However, Mr. Upshaw's prior convictions do not show an unreasonable risk that would have shown a predisposition of Mr. Upshaw for incompetence or recklessness in driving a vehicle. Thus, the Court finds that Mr. Upshaw's prior convictions are insufficient to, as a matter of law, make out a case for negligent entrustment of the van by Coca–Cola.

 Plaintiffs also seem to allege that Mr. Upshaw's prior speeding ticket shows him to be incompetent or reckless. Testimony exists that indicates Mr. Upshaw's supervisor was aware of a speeding ticket that Mr. Upshaw received approximately one month prior to the accident. Mr. Upshaw was warned to not let it happen again, and the evidence indicates he took a defensive driving course because of the ticket. A prior traffic accident or violation does not create an inference or conclusion that a driver is incompetent or reckless. *Monroe v. Grider,* 884 S.W.2d 811, 815 (Tex.App.—Dallas 1994, writ denied). Proof of only one previous traffic violation and of two previous moving violations or traffic accidents within a two-year period is probably insufficient. *Broesche*

*v. Bullock,* 427 S.W.2d 89 (Tex.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.). Furthermore, where "no evidence exists showing that [a driver's] past driving performance was such that a prudent person, considering the safety of others on the highways, would deny [the driver] access to his automobile," and the only blemish on the driver's record is one traffic ticket, then the evidence is insufficient to establish incompetency or recklessness. *Louis Thames Chevrolet Co. v. Hathaway,* 712 S.W.2d 602, 604 (Tex.App.—Houston [1st Dist.] 1986, no writ). The Court finds that Coca Cola cannot be deemed to have negligently entrusted DeMarco Upshaw with the van simply because Coca Cola knew about his prior speeding ticket.

Plaintiffs also contend that Coca Cola should have required Mr. Upshaw to qualify as a driver by completing some form of testing prior to being entrusted with the van. Drivers of Coca Cola Enterprises vehicles were required to take monthly defensive driving courses on a computer. *See* Pl.App. p. 44. However, Plaintiffs point out that Mr. Upshaw had not taken the safety tests for the two months prior to the accident. The testimony further indicates that because Mr. Upshaw was only driving a van, car, or pickup, he was not required to take any certification classes or given a driving test as might be required for a commercial driver's license. Instead, a valid driver's license was all Mr. Upshaw was required to possess in order to drive the van.

 The holder of a valid Texas driver's license is presumed to be competent to drive a vehicle absent any circumstances

---

**3.** The Court is of the opinion that even if Coca Cola had known of the prior tickets, neither reflected on Mr. Upshaw's ability to drive the van safely with regard to the public at large. Not wearing a seat belt may reflect on Mr. Upshaw's own safety but not that of the other driver's on the roadways. A license revoked for failure to pay child support makes no implication that Mr. Upshaw is an unsafe driver. Both offenses occurred in California when Mr. Upshaw still resided there.

to show otherwise. *Mundy v. Pirie–Slaughter Motor Co.*, 146 Tex. 314, 206 S.W.2d 587, 589–90 (1948); *Bartley v. Budget Rent–A–Car Corp.*, 919 S.W.2d 747, 752 (Tex.App.—Amarillo 1996, writ denied). There is no evidence to suggest Mr. Upshaw had been involved in numerous traffic accidents or had received numerous driving citations in the recent past such as would rise to a level of "circumstances to show otherwise." In fact, when asked whether he had been involved in any prior traffic accidents in California or Texas, Mr. Upshaw answered, "No." *See* Pl. App. at p. 38–39. Thus, the Court finds that no evidence exists that would, as a matter of law, meet the requirement of circumstances showing Mr. Upshaw was an incompetent or reckless driver.

Therefore, after viewing the evidence in a light most favorable to the Plaintiffs, the Court finds that insufficient evidence exists to raise a genuine issue of material fact as to whether Coca Cola's conduct meets the requirements of a negligent entrustment claim.

## PUNITIVE DAMAGES UNDER RESPONDEAT SUPERIOR

Plaintiffs allege that Defendants acted with malice and are therefore liable for exemplary damages. Plaintiffs' malice "cause of action" states that Defendants' actions or omissions constitute an entire want of care so as to indicate that the actions or omissions in question were the result of conscious indifference to the rights, welfare, or safety of Tammie McDorman or Billy Jack Shaw, Jr. Because such a statement so closely tracks the common law definition for gross negligence, the Court believes this statement is just another way of phrasing gross negligence rather than malice. Gross negligence is defined as "that entire want of care which would raise the belief that the act or omission complained of was the result of a conscious indifference to the rights or welfare of the persons to be affected." *Williams v. Steves Indus., Inc.*, 699 S.W.2d 570, 572 (Tex.1985). Gross negligence is different from ordinary negligence in that "conscious indifference" refers to a decision, in the face of an impending risk of harm to another party, not to care about the consequences of the act that might ultimately lead to that harm. *Id.*

The test for gross negligence is both subjective and objective. A plaintiff can show a defendant's gross negligence by showing the defendant had actual, subjective knowledge that the conduct created an extreme degree of risk. Additionally, a plaintiff may objectively prove a defendant's gross negligence by showing that, under the surrounding circumstances, a reasonable person would have realized that his conduct created an extreme degree of risk. *Id.* This does not mean, however, that the "objectively reasonable person" standard for ordinary negligence should be imported into determining the mental state in gross negligence cases. *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 22 (Tex.1994).

> Determining whether an act or omission involves extreme risk or peril requires an examination of the events and circumstances from the viewpoint of the defendant at the time the events occurred, without viewing the matter in hindsight.... If somebody has suffered grave injury, it may nevertheless be the case that the behavior which caused it, viewed prospectively and without hindsight, created no great danger. In such a case, punitive damages are not appropriate.

*Id.* at 23.

"Plaintiffs concede that discovery has not produced evidence sufficient to demonstrate Defendants' responsibility for punitive damages through respondeat superior...." *See* Pl. Resp. at p. 26. Therefore,

this issue is settled and the Court finds that Plaintiffs are not entitled to punitive damages through respondeat superior. Moreover, because this Court has found that summary judgment is proper as to Plaintiffs' claims against Defendant Texas–Cola Leasing, Plaintiffs may not recover exemplary damages against Defendant Texas–Cola Leasing.

Plaintiffs, in their Response, go on to state that their "claims for exemplary damages as to Defendants' own conduct remain as issues for the jury." *Id.* The Court recognizes that "[p]unitive damages can be imposed if the owner of the vehicle knows or should have known that the entrusted driver was incompetent or habitually reckless and the owner was grossly negligent in entrusting the vehicle to that driver." *See Schneider,* 744 S.W.2d at 596. However, Plaintiffs' entrustment claims have not survived summary judgment as to either Defendant. Even if the entrustment claims had survived summary judgment, the Court finds that no evidence was presented showing Mr. Upshaw was habitually reckless in his driving, nor was evidence produced showing grossly negligent behavior by Defendants in entrusting Mr. Upshaw with a vehicle.

■ In reviewing Texas case law regarding imposing punitive damages for negligent entrustment, the courts require more evidence than that the employer failed to inquire into or check the driver's driving record. *See Williams,* 699 S.W.2d at 575 (finding no evidence of gross negligence where employer should have known driver did not have commercial license, no evidence driver was an incompetent driver, and no evidence employer did not care that entrusting the truck to driver endangered safety of others); *Webster v. Carson,* 609 S.W.2d 850, 851–52 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ) (finding no evidence of gross negligence where car dealer did not inquire whether lessee had a valid driver's license and there was no evidence to show that dealership had reason to believe lessee was an incompetent driver); *Southwestern Bell Tel. Co. v. Davis,* 852 S.W.2d 191, 195–96 (Tex.Civ.App.—Waco 1979, no writ) (finding no evidence of gross negligence where Southwestern Bell did not check or have knowledge of driver's driving record). But, Texas courts will uphold exemplary damages where the employer makes *no effort* to obtain the employee's driving record and the employer has *actual knowledge* that the employee is an *incompetent driver. See Montgomery Ward & Co. v. Marvin Riggs Co.,* 584 S.W.2d 863, 866–67 (Tex.Civ.App.—Austin 1979, writ ref'd n.r.e.) (emphasis added).

■ Coca Cola did, after all, conduct background checks on Mr. Upshaw before hiring him, and no evidence existed to show that Mr. Upshaw was a habitually reckless driver. In fact, his driving record came back clear. There is no evidence that Mr. Upshaw actually was an incompetent, unsafe driver. His prior felony convictions, even if known, had no bearing on Mr. Upshaw's driving abilities. There is no evidence that Mr. Upshaw caused other accidents; rather, testimony stating just the opposite exists. Furthermore, there is evidence that Mr. Upshaw had a valid Texas driver's license at the time of the accident. There is no evidence that Mr. Upshaw was inexperienced in driving a van. After all, the vehicles Upshaw was allowed to drive were not commercial-type vehicles, but rather cars, pickups, and, in this case, a van. Most importantly, there is no evidence that Defendants knew that allowing DeMarco Upshaw to drive the van created an *extreme* risk for this accident or that Defendants did not care that entrusting the van to Mr. Upshaw would endanger the safety of other drivers on the highway. Therefore, malice and gross

negligence have not, as a matter of law, been established by the evidence for the negligent entrustment claim.

 Plaintiffs' negligent-hiring claims have not survived summary judgment as to either Defendant so exemplary damages need not be considered for that claim. Even if Plaintiffs' negligent-hiring claims had survived, Plaintiffs have not shown malice or gross negligence in the hiring of Mr. Upshaw. An employer may be liable for gross negligence in hiring an employee if the employee was unfit and the employer was reckless in hiring him. *Wilson N. Jones Memorial Hosp. v. Davis*, 553 S.W.2d 180, 183 (Tex.Civ. App.—Waco 1977, writ ref'd n.r.e.). What lifts ordinary negligence into gross negligence is the mental attitude of the defendant; that is what justifies the penal nature of the imposition of exemplary damages. *Burk Royalty Co. v. Walls*, 616 S.W.2d 911, 922 (Tex.1981); *Moriel*, 879 S.W.2d at 22–23. The plaintiff must show that the defendant knew about the peril, but his acts or omissions demonstrated that he did not care. *Id.* Moreover, when examined from the viewpoint of Coca Cola at the time of hiring, an extreme risk for a traffic accident cannot be shown. As previously stated, Coca Cola did try to obtain background information on Mr. Upshaw, all of which came back clear. Even if the information was known to Defendants, the prior convictions and traffic record of Mr. Upshaw do not indicate a predisposition toward this traffic accident. Thus, evidence has not been presented that would legally meet the requirement for malice or gross negligence in hiring DeMarco Upshaw.

Therefore, the Court finds that no issues of material fact exist with respect to Plaintiffs' claims for exemplary and punitive damages as to the negligent-hiring and entrustment claims. The Court finds that Plaintiffs have not met their burden of showing how Defendants' conduct rises to a level that, as a matter of law, would entitle Plaintiffs to exemplary damages for any of their claims.[4] Thus, Plaintiffs' claim of malice is properly disposed of through summary judgment.

## V.

## CONCLUSION

After considering all the relevant arguments and evidence, the Court finds that as a matter of law, there exists no genuine issue of material fact as to Plaintiffs' claims for negligent hiring or for negligent entrustment. The Court further finds that as a matter of law, there exists no genuine issue of material fact as to Plaintiffs' claims for exemplary damages. The Court therefore **GRANTS** Defendants' Motion for Partial Summary Judgment.

The Court also finds that no genuine issue of material fact exists as to Plaintiffs' claims against Defendant Texas–Cola Leasing Company LP, LLLP, d/b/a Coca

---

4. Without a case for exemplary damages as to hiring or entrusting DeMarco Upshaw, Plaintiffs' causes of action for negligent hiring and entrustment would be suspect even if they had survived summary judgment because, in *Arrington's Estate v. Fields*, 578 S.W.2d 173, 178–79 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.), Chief Justice Summers states that where only ordinary negligence is alleged, negligent hiring and respondeat superior are mutually exclusive modes of recovery. Once the applicability of the respondeat superior doctrine has been established by an admission or stipulation of course and scope of employment, then the incompetence of the employee and the care which was exercised in his hiring or entrustment are "immaterial issues." *Id.* But an employer or entrustor who is charged with gross negligence may not admit or stipulate that the driver was within the course and scope of employment to preclude proof of gross negligence in hiring or entrusting the employee. *Id.*

Cola Enterprises Bottling Companies, and the Court therefore **GRANTS** Defendant Texas–Cola Leasing's Motion for Summary Judgment.

All relief not expressly granted is **DENIED.**

Judgment pursuant to Rule 54(b), Federal Rules of Civil Procedure, shall be entered for Defendant Texas–Cola Leasing Company LP, LLLP, d/b/a Coca Cola Enterprises Bottling Companies.

Plaintiffs' claim against Defendant Coca Cola Enterprises, Inc. for negligence under the doctrine of respondeat superior remains set for trial on April 5, 2004.