Bryan D. BOYD, Doug Boyd, and Sarah Boyd, Appellants,

v.

TEXAS CHRISTIAN UNIVERSITY, INC., Appellee.

No. 2–99–088–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 16, 1999.

Rehearing Overruled Jan. 27, 2000.

Sue Walker, Fort Worth, for appellant.

McDonald Sanders, P.C., Greg S. Hargrove, Richard C. Deberry, Fort Worth, for appellee.

Panel B: DAY, DAUPHINOT, HOLMAN, JJ.

## OPINION

SAM J. DAY, Justice.

In this case of first impression, we must decide whether Texas Christian University (TCU) owes a duty to its other students to supervise, discipline, or control its adult scholarship football players at a non-university sponsored event held off the school campus. We also must determine whether TCU has a duty to provide a safe environment for its students when they are at an off-campus bar at an event not sponsored or organized by TCU. Because we answer both questions in the negative, we affirm the trial court's order granting TCU's motion for summary judgment.

On May 11, 1996, at approximately 1 a.m., TCU student Bryan Boyd was seriously injured during an altercation with four TCU football scholarship athletes. The incident took place outside a bar named Bobby McGee's, which was not owned, leased, or controlled by TCU. TCU did not organize or sponsor any event at Bobby McGee's on the evening Boyd was injured. Each athlete was eighteen years old or older at the time of the incident.

Boyd and his parents filed suit alleging TCU was negligent in failing to properly supervise, control, or discipline the athletes, and in failing to provide a safe environment for Boyd.[1] TCU responded and filed a motion for summary judgment alleging (1) it owed no legal duty to Appellants to supervise or control the athletes at the time and place of the incident, and (2) it had no legal duty to provide Boyd a safe

---

1. Appellants also sued the four scholarship athletes. The football players settled with Appellants and claims asserted against them were dismissed.

environment while he was at an off-campus bar not owned or controlled by TCU.

The standard for reviewing a summary judgment is well-established: (1) the movant for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985).

 Liability in negligence is premised on duty, a breach of which proximately causes injuries, and damages resulting from that breach. *See Thapar v. Zezulka*, 994 S.W.2d 635, 637 (Tex.1999). Whether a legal duty exists is a threshold question of law for the court to decide from the facts surrounding the occurrence in question. *See id.* If there is no duty, there cannot be liability based on negligence. *See id.*

 Generally, there is no duty to control the conduct of third persons. *See Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990). However, this general rule does not apply when a special relationship exists between the actor and the third person that imposes a duty on the actor to control the third person's conduct. *See id.* These special relationships include an employer and employee, a parent and child, and under special circumstances, an independent contractor and contractee. *See id.*

 Here, Appellants contend the relationship between a private university and its adult students is recognized by Texas law as a "special relationship" under the doctrine of "in loco parentis." [2] However, the cases cited by Appellants in support of this proposition are readily distinguishable and our review of the relevant caselaw reveals no authority favorable to Appellants' position. [3] *Cf. Board of Trustees of Bastrop Indep. Sch. Dist. v. Toungate*, 958 S.W.2d 365, 371 (Tex.1997) (noting that although school administrators stand in loco parentis with *minor* children, "[t]here is a valid distinction ... between state regulation of adults and state regulation of elementary and secondary school children").

 We hold as a matter of law that TCU had no duty to Boyd to control, supervise, or discipline its adult student athletes under the facts of this case. We further hold as a matter of law that TCU owed no duty to provide Boyd a safe environment while he was at an off-campus bar at an event not sponsored or organized by TCU. Because TCU owed no duty to Boyd under the facts of this case, the trial court did not err in granting TCU's motion for summary judgment.

We overrule Appellants' point on appeal and affirm the trial court's order granting TCU's motion for summary judgment.

---

**2.** "In loco parentis" exists when a person undertakes care and control of another in the absence of such supervision by the latter's natural parents. BLACK'S LAW DICTIONARY 787 (6 th ed.).

**3.** Additionally, Texas law does not allow liability to be imposed on parents for the actions of their *adult* child. *See, e.g., Villacana v. Campbell*, 929 S.W.2d 69, 75 (Tex.App.—Corpus Christi 1996, writ denied).