

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-13-00066-CV

AIDA HAJI, INDIVIDUALLY AND AS               APPELLANT
REPRESENTATIVE OF THE
ESTATE OF BEHNAM WILLIAM
ARABU, DECEASED, AND AS
NEXT FRIEND OF ALEXANDER
BEHNAM WILLIAM, A MINOR

V.

VALENTINE ENTERPRISES, INC.;          APPELLEES
VALENTINE DELIVERY SERVICES,
LLC; AND DARRELL VALENTINE

----------

## FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Aida Haji, individually and as representative of the estate of Behnam

William Arabu, deceased, and as next friend of Alexander Behnam William, a

---

[1]*See* Tex. R. App. P. 47.4.

minor, appeals the trial court's judgment granting summary judgment on her claims in favor of Valentine Enterprises, Inc., Valentine Delivery Services, LLC, and Darrell Valentine (collectively, the Valentine defendants).  We affirm.

**Background Facts**

Arabu worked for Valentine Enterprises as a truck driver.  In the very early morning of January 26, 2009, Arabu was driving his truck to make a delivery when he was hit by another truck that had made an unsafe lane change.  Arabu died as a result of the collision.  The Fort Worth Police Department Traffic Investigation Unit found a cell phone in Arabu's front seat.  The department's report indicated that a phone call had been made at 3:51 a.m. and had lasted about three and a half minutes.

Arabu's wife, Haji, sued Valentine Enterprises, the driver of the other truck, and the other driver's employer, UFP Transportation.  Haji later amended her petition to name Valentine Delivery Services, Valentine, and UFP's parent companies as defendants.  Haji sued for wrongful death, negligence, and gross negligence.  Specifically as to the Valentine defendants, Haji alleged that they had provided Arabu with substandard equipment.  Haji also sought punitive damages because the Valentine defendants' conduct "constituted gross negligence, legal malice, and/or fraud."

The Valentine defendants filed a no-evidence motion for summary judgment, arguing that Haji had failed to provide any evidence on her negligence or gross negligence claims or of any fraud claim to support punitive damages.

2

After the Valentine defendants filed their summary judgment motion, Haji amended her petition again, stating that Arabu "was employed by the Valentine Defendants," or in the alternative, "was a contractor working for the Valentine Defendants." As to her negligence claim, she added that Arabu's truck "was substandard because it did not have a driver's side airbag." She alleged,

> [The Valentine defendants] were negligent by failing to warn Mr. Arabu that he was not protected by a driver's side airbag. [The Valentine defendants] were negligent by not restricting and regulating cell phone use while on the job. [The Valentine defendants] were negligent by overworking Mr. Arabu. [The Valentine defendants] were negligent by not providing Mr. Arabu with a safe workplace.

Haji also stated that the Valentine defendants did not carry workers' compensation insurance at the time of Arabu's injury.

Haji also filed a response to the Valentine defendants' no-evidence motion for summary judgment. Haji argued that Arabu was an employee of Valentine Enterprises, citing evidence that Arabu worked exclusively for the company, that the Valentine defendants supplied the truck that Arabu drove and paid for the truck's fuel, and that Arabu wore a Valentine company shirt while working. Haji pointed to Valentine's testimony that he did not know that the truck Arabu drove did not have an airbag and, if he had known, he would have purchased a truck with an airbag. Lastly, Haji noted the Tarrant County Deputy Medical Examiner's belief "that more probably than not [that] Mr. Arabu would have lived with the use of an air bag restraint."

3

In a letter to the parties, the trial court stated, "I have decided to deny the Valentine motion except as to the airbag and fraud claim[s]. I am going to grant a partial summary judgment that the failure to provide a motor vehicle with an airbag is legally insufficient to establish an unsafe workplace." The trial court granted summary judgment in favor of the Valentine defendants as to Haji's allegations that they had provided Arabu with substandard equipment, that they had failed to warn Arabu that the vehicle did not have an airbag, that they had provided an unsafe workplace by failing to provide a vehicle with an airbag, and that they had committed fraud.

The Valentine defendants filed a second no-evidence motion for summary judgment on Haji's remaining claims against them. As stated in their motion, the Valentine defendants understood the remaining claims to be that they were negligent by not restricting Arabu's cell phone use while on the job, that they were negligent by overworking Arabu, and that they were generally negligent by not providing Arabu with a safe workplace. They argued that there was no evidence that Arabu was an employee but that he was only an independent contractor, and therefore they had no legal duty to control his cell phone usage or "to not overwork" him. They argued that because the trial court had already granted summary judgment on "the airbag issue" and because there was no other alleged failure that created an unsafe work environment, there was no evidence supporting Haji's unsafe workplace claim. The Valentine defendants also argued that there was no evidence of gross negligence.

4

Haji responded to the motion and objected to the Valentine defendants seeking no-evidence summary judgment on her gross negligence claim. Haji attached a number of exhibits to her response, including her own affidavit, a questionnaire that Haji claimed to have received from the IRS in August 2011 "to assist in helping [the IRS] determine . . . whether [Arabu was] an employee or independent contractor," and publications regarding studies on cell phone usage while driving. The Valentine defendants objected to the affidavit, questionnaire, and publications.

The trial court initially denied the Valentine defendants' second motion for summary judgment on February 2, 2012. On November 8, 2012, the trial court sent a letter to the parties stating that it had reconsidered the Valentine defendants' second motion and had decided to grant it. In an order on November 21, 2012, the trial court granted the motion, overruled Haji's objections, and sustained the Valentine defendants' objections. The order stated that it disposed of all of Haji's claims against the Valentine defendants. The trial court severed the Valentine defendants from the remaining defendants, and Haji then filed this appeal.

**Standard of Review**

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the

5

elements for which there is no evidence. *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. *See* Tex. R. Civ. P. 166a(i) & cmt.; *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008).

When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton*, 249 S.W.3d at 426 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005)). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Timpte Indus.*, 286 S.W.3d at 310 (quoting *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)). If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003), *cert. denied*, 541 U.S. 1030 (2004).

**Discussion**

## I. Evidentiary objections

We address Haji's third issue first, as it pertains to the evidence to be considered in addressing her first issue. In her third issue, Haji complains that the trial court abused its discretion by sustaining the Valentine defendants' objections to Haji's summary judgment evidence. A trial court's rulings in admitting or excluding evidence are reviewable under an abuse of discretion standard. *Serv. Corp. Int'l v. Guerra*, 348 S.W.3d 221, 235 (Tex. 2011); *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005). An appellate court must uphold the trial court's evidentiary ruling if there is any legitimate basis in the record for the ruling. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998).

### A. National Transportation Safety Board press release and IRS questionnaire

The Valentine defendants objected to the press release on the grounds that it was irrelevant, not properly authenticated, contained inadmissible hearsay, and did not have the proper predicate. The Valentine defendants objected to the IRS questionnaire on the grounds that it was unauthenticated, undated, irrelevant, and did not have the proper predicate. On appeal, Haji does not address the objections that the press release and questionnaire were irrelevant and that she had not laid the predicate. *See* Tex. R. Evid. 402 ("Evidence which is not relevant is inadmissible."). Because Haji has not challenged the trial

7

court's rulings on those objections, we cannot consider the evidence. *See Retzlaff v. Mendieta-Morales*, 356 S.W.3d 676, 681 (Tex. App.—El Paso 2011, no pet.) (refusing to consider summary judgment evidence when the appellant did not challenge the trial court's order on all the appellee's objections); *All Am. Tel., Inc. v. USLD Commc'ns, Inc.*, 291 S.W.3d 518, 526 n.23 (Tex. App.—Fort Worth 2009, pet. denied) (refusing to consider unchallenged and excluded summary judgment evidence) (citing *Little v. Needham*, 236 S.W.3d 328, 331 (Tex. App.—Houston [1st Dist.] 2007, no pet.)). Further, Haji does not explain how the excluded documents probably resulted in an improper judgment. *See Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001) ("To reverse a judgment based on a claimed error in admitting or excluding evidence, a party must show that the error probably resulted in an improper judgment.") (citing Tex. R. App. P. 61.1; *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995); *McCraw v. Maris*, 828 S.W.2d 756, 758 (Tex. 1992)). We overrule Haji's third issue as to the press release and the IRS questionnaire.

### B. Haji's affidavit

The Valentine defendants objected to Haji's affidavit on the grounds that it was a sham affidavit that contradicted her previous testimony, that it contained conclusory statements not within her personal knowledge, that it was not readily controvertible, that it contained inadmissible hearsay, and that it contained unsubstantiated factual conclusions. We need not reach the merits of Haji's third issue regarding her affidavit because, as discussed below, none of the testimony

8

in the affidavit creates a fact issue regarding a duty owed by the Valentine defendants to Arabu. *See* Tex. R. App. P. 47.1. We overrule Haji's third issue.[2]

## II. Summary Judgment

In her first issue, Haji argues that the trial court erred by granting summary judgment on her negligence cause of action.

Liability in negligence is premised on duty, a breach of which proximately causes injuries, and damages resulting from that breach. *Boyd v. Tex. Christian Univ., Inc.*, 8 S.W.3d 758, 760 (Tex. App.—Fort Worth 1999, no pet.) (citing *Thapar v. Zezulka,* 994 S.W.2d 635, 637 (Tex.1999)). Whether a legal duty exists is a threshold question of law for the court to decide from the facts surrounding the occurrence in question. *Id.* If there is no duty, there cannot be liability based on negligence. *Id.*

In their motions for summary judgment, the Valentine defendants argued that there was no evidence of a legal duty owed by them to Arabu. In response, Haji argued that despite Arabu's classification as an independent contractor, Arabu was actually Valentine's employee. And as an employee, Haji contended, Valentine owed Arabu the duty to provide safe equipment and a safe work place.

A contractor is "any person who, in the pursuit of an independent business, undertakes to do a specific piece of work for other persons, using his own means and methods, without submitting himself to their control in respect to all its

---

[2]Haji also attached a number of articles on cellphone use while driving as evidence, but on appeal, she does not complain of their exclusion by the trial court.

details." *Pitchfork Land & Cattle Co. v. King*, 162 Tex. 331, 338, 346 S.W.2d 598, 602–03 (1961). Although many factors may contribute to the determination of whether a person is an employee or an independent contractor, the fundamental factor is the right of control. *See Duran v. Furr's Supermarkets, Inc.*, 921 S.W.2d 778, 786 (Tex. App.—El Paso 1996, writ denied). An employer's duty of reasonable care is commensurate with the control it retains over the independent contractor. *Hoechst-Celanese Corp. v. Mendez*, 967 S.W.2d 354, 355 (Tex. 1998). The general rule is that an employer of an independent contractor does not have a duty to make sure that an independent contractor performs his work in a safe manner. *Abalos v. Oil Dev. Co. of Tex.*, 544 S.W.2d 627, 631 (Tex. 1976). However, if the employer retains some control over the manner in which the work is done, then a duty may arise as a result of that control. *Hoechst–Celanese*, 967 S.W.2d at 356. If the employer does not control the work of the independent contractor, a legal duty does not arise. *Elliott–Williams Co., Inc. v. Diaz*, 9 S.W.3d 801, 803–04 (Tex. 1999). The employer's control must be more than a general right to order the work to start or stop, to inspect progress, or to receive reports. *Redinger v. Living, Inc.*, 689 S.W.2d 415, 418 (Tex. 1985) (citing Restatement (Second) of Torts § 414, comment c (1965)).

Darrell Valentine testified that Arabu was a contract driver. Arabu was assigned to a specific truck owned by Valentine Enterprises. Although Arabu leased his truck from Valentine Enterprises, some drivers used their own truck.

10

Arabu also rented a two-way radio from Valentine Enterprises. Valentine testified that drivers leave their trucks to be loaded overnight so that they are ready in the morning. He was not aware that Arabu's truck did not have an airbag, and he believed that airbags make vehicles safer. He stated that if he had been given a choice to buy a truck with an airbag, he would have done so. He did not believe that Arabu's truck was unsafe because it did not have an airbag.

Arabu had a specific route, but he was also free to take "hot-shots"— expedited or last-minute delivery requests from Valentine Enterprises's clients— directly from clients. Valentine could not recall whether Arabu was required to wear a uniform. He testified that some clients would request that drivers wear a certain color shirt when driving for their company.

None of this evidence supports a finding that Arabu was an employee or that the Valentine defendants exercised control over Arabu's work. Even if we considered Haji's affidavit that she attached to her responses to the motions for summary judgment, there is nothing in the affidavit that creates a fact question as to Arabu's status as an independent contractor. Haji's testimony offers no evidence that the Valentine defendants controlled any more than the right to order Arabu's work to start and stop, to inspect progress, or receive reports. *See Bell v. VPSI, Inc.*, 205 S.W.3d 706, 715 (Tex. App.—Fort Worth 2006, no pet.) (stating that terms of independent contractor agreement that required contractor to keep leased van clean and maintained were not "inconsistent with the express provision that he [was] not an agent, servant, employee or co-employee" of the

appellee company); *Arlen v. Hearst Corp.*, 4 S.W.3d 326, 327–28 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (holding that employer did not have sufficient control over contractor newspaper deliverer when it "could only order that the work be started and stopped at a particular time, inspect the progress of the deliveries, and receive reports about the deliveries" and did not control how contractor delivered papers).

Haji failed to produce summary judgment evidence that raises a genuine issue of material fact regarding the existence of a duty owed by the Valentine defendants to Arabu. Because the existence of a duty is an essential element of her negligence claims, the trial court did not err by granting summary judgment in favor of the Valentine defendants on Haji's claims against them. *See* Tex. R. Civ. P. 166a(i). We overrule Haji's first issue.

## III. Unchallenged claim

In her second issue, Haji argues that the trial court erred by granting summary judgment on her claim that the Valentine defendants failed to warn Arabu about the hazards of his employment because the Valentine defendants did not challenge that claim in their motions for summary judgment.

At the time the Valentine defendants filed their first motion for summary judgment, Haji's first amended petition was the live pleading. That petition alleged that the Valentine defendants were negligent by providing Arabu with substandard equipment. Haji filed her second amended petition in August 2011 and added the allegation that the Valentine defendants "were negligent by failing

12

to warn Mr. Arabu that he was not protected by a driver's side airbag." In September 2011, the trial court granted summary judgment in favor of the Valentine defendants as to Haji's allegations that they had provided Arabu with substandard equipment, that they had failed to warn Arabu that the vehicle did not have an airbag, and that they had provided an unsafe workplace by failing to provide a vehicle with an airbag.

Generally, a movant who does not amend or supplement its pending motion for summary judgment to address newly added claims alleged in a subsequent petition is not entitled to summary judgment on those claims. *Chessher v. Sw. Bell Tel. Co.*, 658 S.W.2d 563, 564 (Tex. 1983) (per curiam). However, an amended or supplemental motion for summary judgment is not required when a ground asserted in a motion for summary judgment conclusively negates a common element of the newly and previously pleaded claims or when the original motion is broad enough to encompass the newly asserted claims. *See Callahan v. Vitesse Aviation Servs., LLC*, 397 S.W.3d 342, 350 (Tex. App.—Dallas 2013, no pet.).

The Valentine defendants' first motion for summary judgment attacked Haji's "Negligence Claim" and stated that Haji had

> put forth no evidence, . . . to demonstrate the elements required to establish liability in accordance with [the] negligence cause of action against Valentine. Specifically, [Haji has] no[t] provided evidence of (1) the existence of a legal duty owed by Valentine to [Arabu]; (2) a breach of that duty; and (3) damages; (4) proximately resulting from the breach. Further, [Haji has] failed to produce any evidence the vehicle driven by [Arabu] was in any way defective or that Valentine

13

provided [Arabu] substandard equipment. Because [Haji has] failed to bring forth any evidence of the above referenced elements of negligence, Valentine is entitled to summary judgment as a matter of law.

The Valentine defendants' motion was very broad and challenged Haji's ability to establish a legal duty owed to Arabu and breached by the Valentine defendants. Because those elements were necessary to establish all of Haji's negligence claims, including the later-filed failure to warn claim, the Valentine defendants' first motion for summary judgment was broad enough to cover the failure to warn claim. *See Wortham v. Dow Chem. Co.*, 179 S.W.3d 189, 202 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (holding that defendant's no-evidence motion for summary judgment was sufficiently broad enough to cover later-pleaded negligence claims when it attacked the "appellants' ability to bring forth any evidence of a duty owed or breached"); *see also Gonzales v. O'Brien*, 305 S.W.3d 186, 190–91 (Tex. App.—San Antonio 2009, no pet.) (holding that summary judgment was appropriate on appellant's failure to warn claim when appellees did not control appellant's work and therefore owed him no duty); *Moss v. Waste Mgmt. of Tex., Inc.*, 305 S.W.3d 76, 82 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (holding that establishing the right to control was a predicate to establishing employer's duty in appellant's failure to warn claim). We overrule Haji's second issue.

## Conclusion

Having overruled Haji's three issues, we affirm the trial court's judgment.

14

                                                    /s/ Lee Gabriel
                                                    LEE GABRIEL
                                                    JUSTICE

PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DELIVERED:  March 27, 2014