Tristina GUIDRY, Appellant,

v.

NATIONAL FREIGHT, INC., Appellee.

No. 03–96–00451–CV.

Court of Appeals of Texas,
Austin.

May 1, 1997.

Rehearing Overruled June 5, 1997.

Jack W. London, Law Offices of Jack W. London & Associates, P.C., Austin, for appellant.

Michael Klein, Fulbright & Jaworski, LLP, Austin, for appellee.

Before CARROLL, C.J., and ABOUSSIE and B.A. SMITH, JJ.

ABOUSSIE, Justice.

Appellant Tristina Guidry appeals the trial court's summary judgment in favor of appellee National Freight, Inc. ("National"). In two points of error, Guidry asserts the trial court erred by granting National's motion for summary judgment and severing National from the original group of defendants in her negligence claim. We will affirm the judgment of the trial court.

## BACKGROUND

The background facts surrounding this case are known through the confession and subsequent criminal prosecution of Alberto Jaramillo, a long-haul truck driver employed by National, whose actions form the basis of Guidry's negligence claim against National. Jaramillo stated in his 1992 employment application for National that he had no criminal record, but National never confirmed Jaram-

illo's statement. In fact, Jaramillo had a history of sexual misconduct contained within his military records, criminal records, and previous employment records. National checked the driving record of Jaramillo as required by law but never conducted an independent investigation into his non-vehicular criminal past. National did not obtain verbal or written information on Jaramillo from his last employer.[1]

While driving through Austin, around 2:00 a.m. on February 23, 1993, Jaramillo stopped and parked his National truck at the Internal Revenue Service building in Austin to urinate and stretch his legs. Leaving his truck in the parking lot, he wandered through an adjacent neighborhood and eventually into the parking lot of the Timber Ridge III condominiums. Meanwhile, Guidry was returning home from a University of Texas library. Jaramillo approached Guidry in the parking lot and proceeded to drag her to an adjoining apartment complex, assault her, and rape her. Jaramillo wore no clothing representative of a National employee; he was not in the course of hauling or delivering anything to her or the apartment complex where she lived or was assaulted, and National's truck was not used in the attack.

Guidry sued numerous defendants, including National, for personal injury damages resulting from the sexual assault. She alleged that National was liable for the negligent hiring, supervision, and retention of Jaramillo. National filed a motion for summary judgment on the grounds that it owed no duty to Guidry and, in the alternative, that National's actions were not the proximate cause of Guidry's injuries. The trial court granted National's motion for summary judgment, severed Guidry's claim against National from the remaining defendants, and rendered final judgment in favor of National. Guidry appeals.

## DISCUSSION

The standards for reviewing a summary judgment are well established: (1) the mov-ant for summary judgment has the burden of showing there is no genuine issue of fact and that it is entitled to summary judgment as a matter of law; (2) in deciding whether there is a disputed fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). The function of summary judgment is not to deprive litigants of the right to trial by jury but to eliminate nonmeritorious claims and defenses. *See Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929, 931 (1952). Because the district court granted summary judgment in a general order, we must affirm the judgment if it is supported by either of the legal grounds presented in National's motion. *See State Farm Fire & Cas. Co. v. S. S.*, 858 S.W.2d 374, 380 (Tex.1993); *Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 79 (Tex. 1989). We review de novo the district court's determination that National was entitled to judgment as a matter of law. *See Sharp v. Caterpillar, Inc.*, 932 S.W.2d 230, 234 (Tex. App.—Austin 1996, writ requested); *Capitan Enters., Inc. v. Jackson*, 903 S.W.2d 772, 775 (Tex.App.—El Paso 1994, writ denied).

The common law doctrine of negligence consists of three elements: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990); *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex.1987). The threshold issue in a negligence case is whether a duty exists. *El Chico Corp.*, 732 S.W.2d at 311. Whether a duty exists is a question of law for the court to decide from the facts surrounding the occurrence in question. *Greater Houston Transp. Co.*, 801 S.W.2d at 525.

■ In determining whether the defendant was under a duty, the court will consider several interrelated factors, including the risk, foreseeability, and likelihood of injury

---

1. The employer's records reflect that Jaramillo had called to report that he was arrested in Dallas on September 11, 1991 for public lewdness, assault, and resisting arrest. His truck was parked in Dallas. The employer retrieved the truck and suspended Jaramillo, who called a few days later to say he was not returning to work.

weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing the burden on the defendant. *Greater Houston Transp. Co.,* 801 S.W.2d at 525. The foremost consideration among these factors is the foreseeability of the risk. *El Chico Corp.,* 732 S.W.2d at 311.

■■■■ Guidry's theory of liability requires a finding of negligence in National's hiring, supervision, or retention of Jaramillo. An employer can be held directly liable for hiring or retaining an incompetent employee, especially where the occupation at issue could cause hazard to others or requires skilled or experienced persons. *See* Restatement (Second) of Torts § 378 (1965). For example, National has a duty to take steps to prevent injury to the driving public by determining the competency of a job applicant to drive one of its trucks.[2] *See* 49 C.F.R. § 391.21 (1996). The purpose of this regulatory duty imposed upon long-haul commercial carriers, however, is to promote highway safety and prevent motor vehicle accidents, not to prevent general criminal activity. *See* 49 C.F.R. § 383.1(a) (1996). Jaramillo's competency to drive a truck is not at issue here. Guidry seeks to impose a duty requiring National not only to hire competent drivers, but also to determine whether any prospective or current employees have a criminal record and presumably refuse to hire or retain anyone who has committed a criminal offense unrelated to the duties of a long-haul driver or the use of a motor vehicle. Requiring National to conduct criminal background checks upon all new job applicants, as well as periodic checks upon current employees, would be an extension of the duty now imposed by federal regulation.

In arguing to extend National's duty, Guidry relies upon a line of cases imposing a tort duty upon entities for placing potentially harmful employees in a position to commit torts. *See Golden Spread Council of Boy Scouts v. Akins,* 926 S.W.2d 287 (Tex.1996) (organization held negligent for recommending scoutmaster amidst rumors of his past sexual deviancy); *Porter v. Nemir,* 900 S.W.2d 376 (Tex.App.—Austin 1995, no writ) (drug-counseling agency held liable for continued employment of counselor known to be engaging in sexual relations with clients); *Deerings W. Nursing Ctr. v. Scott,* 787 S.W.2d 494 (Tex.App.—El Paso 1990, writ denied) (negligence to hire nursing assistant with fifty-six theft convictions who subsequently attacked eighty-year-old resident). The heightened obligation in these cases, however, is predicated upon the entity's placing the tortfeasor into a special relationship of trust with a vulnerable group: a scoutmaster with young boys, a drug counselor with the family of a recovering addict, a nursing assistant with the elderly and infirm. *See Golden Spread Council,* 926 S.W.2d at 291–92; *Porter,* 900 S.W.2d at 386; *Deerings,* 787 S.W.2d at 498–99. Liability is imposed when the entity brings into contact or association with the vulnerable person an individual whom the entity knows or should know is particularly likely to commit intentional misconduct, under circumstances which afford a peculiar opportunity or temptation for such misconduct. *See Golden Spread Council,* 926 S.W.2d at 291; Restatement (Second) of Torts § 302B, cmt. e (1965).

In an opinion released this day, this Court addressed the duty of employers to perform background checks on prospective employees, holding a vacuum manufacturer liable for not warning or requiring its distributors to check the background of prospective employees when such employees were required by contract to sell their products within customers' homes. *Scott Fetzer Co. v. Read,* 945 S.W.2d 854, 868 (Tex.App.—Austin 1997, no writ h.). Our holding in *Scott Fetzer* is consistent with the creation of a heightened obligation for employers who, incident to the

---

**2.** Guidry complains that National violated federal regulations by failing to obtain required information on Jaramillo's last three years' employment, including the reason for leaving each employer, *see* 49 C.F.R. § 391.21(10), and failing to contact and make a written record with respect to his prior employers and retain the information in his driver's qualification file. *See* 49 C.F.R. § 391.23(2)(c) (1996). She further points out that a person is disqualified from driving a truck who has committed various criminal offenses including a felony involving the use of a motor vehicle. *See* 49 C.F.R. § 391.15(a), (c)(2) (1996).

nature of employment, create a situation where a peculiar risk of harm is foreseeable.

The facts of the instant case are distinguishable, however, from *Scott Fetzer* and other cases requiring employers to check the backgrounds of potential employees. Before liability will be imposed, there must be sufficient evidence indicating that the defendant knew or should have known that a foreseeable harm would eventually befall a victim. *Greater Houston Transp. Co.*, 801 S.W.2d at 526. Guidry argues that a proper investigation into Jaramillo's last employment would have revealed his earlier offense from which National should have perceived the risk of hiring him and the foreseeability of his injuring her. Jaramillo's employment duties brought him to the city of Austin on the occasion in question, and National could foresee that he might stop to stretch on his long-haul drive. However, as a truck driver, Jaramillo should never have come into contact with Guidry in the exercise of his duties as an employee of National. Consequently, the sexual assault was not foreseeable by National when Jaramillo was hired. *See id.* at 526. Furthermore, Guidry is not a member of a vulnerable or specially protected group with whom Jaramillo could be expected to come into contact during his work; any duty to her must flow from a duty owed to the general public.

Although there are no Texas cases directly on point, the Colorado Supreme Court recently decided a case arising out of similar facts. *See Connes v. Molalla Transp. Sys., Inc.,* 831 P.2d 1316 (Colo.1992). In *Connes,* a long-haul truck driver with a criminal history stopped his truck at a hotel during his route and raped a young woman at knife point. *Id.* at 1319. The trucking company had a policy forbidding its drivers from stopping at hotels. *Id.* at 1318. The victim sued the trucking company for the negligent hiring of its driver. *Id.* at 1319. The Colorado court upheld a summary judgment in favor of the trucking company due to the absence of a duty, stating, "[T]he scope of the employer's duty in exercising reasonable care in a hiring decision will depend largely on the anticipated degree of contact which the employee will have with other persons in performing his or her employment duties." *Id.* at 1321. Although the trucking company clearly had a duty to the driving public to employ competent drivers, this duty did not require an independent investigation into employees' non-vehicular criminal backgrounds. *See id.* at 1323. The trucking company had no reason to foresee that its hiring of the truck driver would create a risk that he would sexually assault a member of the general public. *Id.* at 1323. Because the harm was not foreseeable, the Colorado court held the trucking company had no duty to conduct independent criminal background checks. *Id.* at 1323.

National could not be expected to foresee the risk that Jaramillo would commit a sexual assault at some point in time while on a trip for his employer. Furthermore, other factors involved in the determination of whether National owed a duty to Guidry weigh against imposing such a duty. National operates a lawful business that performs a needed service and, therefore, has social utility. Additionally, imposing a duty to perform a nationwide criminal background check on all of National's current and prospective drivers would create a significant administrative burden. Guidry's theory of liability would impose upon National a continuing duty to check criminal records in all states, military records, and all other sources of such data to ensure no criminal activity escaped its notice. Under the facts of this case, to impose an investigative duty on National would be to require an employer to insure the safety of those who come into contact with an employee by reasons other than his employment. That is a requirement we are not prepared to impose. *Doe v. Boys Clubs,* 868 S.W.2d 942, 951 (Tex.App.—Amarillo 1994), *aff'd,* 907 S.W.2d 472 (Tex. 1995).

Despite National's apparent failure to follow federal regulations and its own hiring guidelines, we decline to extend National's duty under these facts beyond that of hiring competent drivers. National's obligation with respect to hiring, supervising, and retaining its drivers did not flow to Guidry so as to impose upon National a duty to protect one in her position from sexual assault by

one of its drivers. Because National owed no legal duty to Guidry, the trial court did not err in granting summary judgment in favor of National. We overrule Guidry's first point of error.

In her second point of error, Guidry asserts the trial court erred by severing her claim against National from her claims against the remaining defendants. The Texas Rules of Civil Procedure expressly provide, however, that "any claim against a party may be severed and proceeded with separately." Tex.R.Civ.P. 41. Furthermore, although the trial court need not sever an interlocutory summary judgment, it has broad discretion in determining whether severance should be granted. *See Johnson v. J. Hiram Moore, Ltd.,* 763 S.W.2d 496, 502 (Tex.App.—Austin 1988, writ denied). Where summary judgment in favor of a single defendant is proper in a case with multiple defendants, severance of that claim is also proper so that it may be appealed. *Cherokee Water Co. v. Forderhause,* 641 S.W.2d 522, 526 (Tex.1982). Having upheld the trial court's summary judgment, we correspondingly hold the trial court did not abuse its discretion by severing Guidry's claims against National from the remaining defendants. We overrule Guidry's second point of error.

### CONCLUSION

Having overruled Guidry's two points of error, we affirm the judgment of the trial court.