# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-09-00723-CV

**Willis Martin, Jr., Appellant**

v.

**City of Temple, John Bailey, Susan Long, Jamey Secrest, Randy Stumberg, John Tolbert, Bill Jones, Ernest Knox, Sr., Dean Winkler, David Blackburn, Brian Kosel, Danny Dunn, Richard Therriault, Jason Vandever, Jimmy Taylor, and Kathleen Barina, Appellees**

**FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT NO. 239,717-C, HONORABLE J. F. CLAWSON, JR., JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Willis Martin, Jr. sued appellees the City of Temple and John Bailey, Susan Long, Jamey Secrest, Randy Stumberg, John Tolbert, Bill Jones, Ernest Knox, Sr., Dean Winkler, David Blackburn, Richard Therriault, Brian Kosel, Danny Dunn, Jason Vandever, Jimmy Taylor, and Kathleen Barina, all individuals employed by or associated with the City, asserting negligence related to a house he bought from another defendant, Wayne Dawson.[1] The individual defendants filed motions to dismiss, and the City filed a motion for summary judgment. The trial court granted the individual defendants' motions to dismiss and the City's motion for summary judgment.

---

[1] Martin is pro se, and his filings are sometimes difficult to decipher. During the course of the underlying proceeding, Martin amended his petition several times, naming and adding different individuals as defendants as the case progressed. We will refer to appellees collectively as "the City defendants," to the City of Temple individually as "the City," and to the group of individual appellees as "the individual defendants."

Martin's claims against Dawson were not addressed, and so the City defendants filed a motion to sever Martin's claims against them into a separate cause number.[2] The trial court granted the motion to sever, and Martin appealed. He complains that the trial court erred in dismissing his claims against the individual defendants, granting the City's motion for summary judgment, and granting the motion to sever. We affirm the trial court's orders.

## Factual and Procedural Background

Starting in October 2003, the City began to take steps to condemn a house owned by Dawson. Dawson informed the City that he was making repairs and received several extensions of time to complete repairs. Martin bought the house from Dawson in May 2005, apparently unaware of the condemnation activity or that the house was substandard in a number of respects. On March 9, 2007, Martin sued Dawson, the City, and several individual City employees, asserting the City defendants were negligent in allowing Dawson to sell the house and allowing Martin to live in the house. He complained that the City defendants (1) failed to enforce city ordinances, such as a provision making it an offense to remove a placard stating a structure was condemned, (2) should have demolished or repaired the house before Martin bought it, and (3) should have inspected the house after it issued an order on December 6, 2004, giving Dawson ninety days to make repairs. Martin also complained about the design of a nearby railroad overpass.

In their motions to dismiss, the individual defendants asserted that Martin was barred from suing them under section 101.106(a) of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(a) (West 2011). In its motion for summary judgment, the City

---

[2] It appears that Martin's claims against Dawson remain pending in the trial court.

asserted that Martin failed to give the required notice of his claim under section 101.101 of the civil practice and remedies code, *see id.* § 101.101 (West 2011); that his suit was barred by a two-year statute of limitations because the acts or omissions he complained about occurred in 2003 and 2004, *see id.* § 16.003(a) (West Supp. 2010); and that the City had no duty to perform the actions Martin claimed should have been taken. The trial court granted the motions to dismiss and the motion for summary judgment, dismissing Martin's claims against the City defendants.

**Discussion**

On appeal, Martin asserts fifteen issues.[3] He complains that he was not present at the hearing on the City's motion for summary judgment, that there were questions of fact that precluded

---

[3] We will address three general issues that govern the outcome of this appeal. Some of Martin's issues fall into those general issues. Several others, however, are unbriefed and are merely stated in Martin's table of contents. *See* Tex. R. App. P. 38.1(h), (i). For instance, Martin complains that he was not given sufficient time to prepare for one of the hearings, the court did not apply the proper standards and procedures when deciding whether to dismiss Martin's claims against the City defendants, there was error in the language of the orders dismissing Martin's claims, the individual defendants failed to perform ministerial duties and thus waived their immunity from suit, the court was biased against Martin, and he should have been allowed to call witnesses at one of the hearings or at least should have been granted a continuance. He provides no argument or authority in support of those contentions, nor does he even explain them. Further, Martin asserts several issues that cannot be deciphered. For example, in one issue, he simply states, "In dismissing the individual defendants including volunteers on June 27, 2008 the court erred since the city had rights to fire officials employees and preplace [sic] volunteers." In another, he asserts that the trial court erred "when appellant state[d] the fact that he was suing the city for a different subject matter as required under section . . . also but"; in that issue, issue fourteen, the printing is incomplete and the issue is never explained or even restated in the body of his brief.

Appellees note that because Martin has not properly briefed his issues as required by the rules of appellate procedure, *see id.*, we could deem them all waived. Although pro se parties are held to the same standards as a party represented by counsel, *see Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978), rather than striking his brief outright and dismissing the appeal, we will attempt to address Martin's contentions in a broad sense as best we can. We will not address unbriefed or unexplained issues that have no bearing on whether the trial court acted properly in its signing of the orders of dismissal and severance.

3

the dismissal of his claims against the City defendants, and that the court should not have severed the dismissed claims into a separate cause. We affirm the trial court's orders dismissing Martin's claims against the City defendants and severing those claims into a separate cause number.

Section 101.106 of the civil practice and remedies code provides that filing suit against a governmental unit "immediately and forever bars any suit or recovery . . . against any individual employee of the governmental unit regarding the same subject matter." *Id.* § 101.106(a). It also provides that a suit against a government employee "immediately and forever bars any suit or recovery . . . against the governmental unit regarding the same subject matter unless the governmental unit consents." *Id.* § 101.106(b). The code further states that if a plaintiff sues a governmental unit and any of its employees, the employees "shall immediately be dismissed" upon the unit's filing a motion to dismiss. *Id.* § 101.106(e). Finally, if a plaintiff sues a governmental employee based on conduct within his employment and if the suit could have been filed against the unit, the suit is considered to be in the employee's official capacity alone and the suit "shall be dismissed" on the employee's motion unless the plaintiff amends his pleadings to dismiss the employee and name the unit within thirty days of the date the motion is filed. *Id.* § 101.106(f).

Martin sued the City and a number of individual City employees, and the City filed a motion seeking to have the individuals dismissed from the suit.[4] Thus, section 101.106(e) mandated that the individuals be dismissed immediately from the suit, and the trial court did not err in signing the orders dismissing the individual defendants from Martin's suit. *See id.* § 101.106(e).

---

[4] Martin does not explain precisely how the individual defendants are employees of the City, but he has not disputed the City's assertion that each individual falls within the parameters of section 101.106. We will assume that section 101.106 applies to the individuals.

4

As for Martin's claims against the City, in its motion for summary judgment, the City asserted three grounds for dismissal: (1) the suit was barred by limitations because the events Martin complained about occurred more than two years before he filed his suit; (2) Martin did not give the City notice of his claim as required by section 101.101 of the civil practice and remedies code; and (3) the City had no duty to perform the complained-of actions.

Martin argued that the statute of limitations did not begin to run until he bought the house in May 2005. However, the City-related actions of which he complains are of the City's failure to repair or destroy the house, granting Dawson extensions of time to repair the house, and designing a nearby overpass. Even assuming that Martin stated a cognizable claim,[5] the latest date on which limitations might have begun to run would have been March 7, 2005, ninety days after the City issued a "90 day repair order" to Dawson. Martin did not file his original petition until March 9, 2007, two days after limitations had run.[6] *See id.* § 16.003(a) (plaintiff must bring suit for injury to property or personal injury within two years from date cause of action accrues). Thus, Martin's claims against the City were time-barred, and the trial court could have properly granted summary judgment on that basis.

---

[5] In our discussion of Martin's issues, we are assuming that he has asserted some cognizable claim against the City or the individual defendants. This, however, is a generous assumption because he seems to claim that the City defendants were negligent in granting Dawson the extensions of time to repair the house, not discovering that Dawson had removed a placard declaring the house condemned, and not informing Martin of the house's condition when he sought to have utilities connected after he bought the house. It is not clear that any of those acts or omissions could possibly be grounds for a tort claim against any of the City defendants. However, we will, for the sake of this appeal, assume that at least one of these occurrences could be grounds for a claim against the City defendants.

[6] The "verification" attached to Martin's original petition is dated March 8, 2007, but that date is still one day beyond the two-year limitations period.

Furthermore, even if we were to assume that Martin's claims accrued when he bought the house in May 2005, a governmental unit must receive notice of a claim within six months of the date of the incident giving rise to the claim. *Id.* § 101.101(a). Martin did not provide such notice and, thus, the trial court was without jurisdiction and did not err in dismissing Martin's suit against the City. *See City of Dallas v. Carbajal*, 324 S.W.3d 537, 537-38 (Tex. 2010) (notice provision is jurisdictional requirement in suit against governmental unit).[7] Thus, the trial court could have properly granted summary judgment on that ground as well.

We next address whether the trial court erred in granting the City's motion for summary judgment during a hearing from which Martin was absent. Martin complains that he should have received a continuance because he called the trial court on the morning of the hearing and asked for one.

The City filed its motion on June 24, 2008, and set it for a hearing on August 8, 2008. The trial court granted Martin a continuance of the August 8 hearing and rescheduled it for 9:00 a.m. on August 22, 2008. On August 22, Martin did not appear for the hearing. The trial court stated on the record that Martin had called the court coordinator that morning and asked for another extension but that "[n]o reason was given." The coordinator asked Martin if he had filed a motion for continuance, and Martin said he had not. The court observed that there were no written, sworn

---

[7] On appeal, Martin asserts that the City had actual notice that he was buying and moving into the condemned house because he contacted various City departments to arrange for utility services. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.101(c) (West 2011) (governmental unit is entitled to notice of claim within six months of date of incident giving rise to claim unless unit has actual notice of injury). Again, even assuming there was merit to such assertions, these arguments were never made before the trial court and cannot be raised for the first time on appeal. *See Driskill v. Ford Motor Co.*, 269 S.W.3d 199, 206 (Tex. App.—Texarkana 2008, no pet.) (summary judgment cannot be reversed on issue not expressly and timely presented to trial court in written document).

motions for continuance in the file and proceeded with the hearing. On appeal, Martin asserts that he received a continuance of the August 8 hearing because of a recent fire in his house and because he had injured his foot and was on pain medication. He states that he told the court coordinator he was still on medication and was going to need surgery and that the coordinator said she would tell the judge. Regardless of whether Martin told the coordinator his reason for wanting a continuance, it is undisputed that he did not file a written motion for continuance. Thus, the trial court did not err in denying the verbal request made via telephone to the court coordinator on the morning of the hearing and going forward with the hearing.[8] *See* Tex. R. Civ. P. 251; *Jones v. Jones*, 64 S.W.3d 206, 211 (Tex. App.—El Paso 2001, no pet.), *overruled in part on other grounds*, *In re Z.L.T.*, 124 S.W.3d 163, 166 (Tex. 2003); *see also Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986) (trial court's denial of motion for continuance reviewed for abuse of discretion).

Finally, although he presents no argument to support his assertion, Martin complains that the trial court should not have severed his claims against the City defendants into a separate cause number. However, a trial court has broad discretion to determine whether to grant a motion to sever, and when summary judgment or dismissal of some defendants is proper in a case involving multiple defendants, severance of those claims is "proper so that [they] may be appealed." *Guidry v. National Freight, Inc.*, 944 S.W.2d 807, 812 (Tex. App.—Austin 1997, no writ). Further, we note that Martin attempted to appeal from the orders dismissing the City defendants immediately

---

[8] Further, Martin did not file a response to the City's motion for summary judgment. A motion for summary judgment is evaluated based on the record, the motion, the response, and any evidence attached to the motion or response. Tex. R. Civ. P. 166a. Oral evidence is not received at the hearing. *Id.* R. 166a(c). If Martin wanted to present evidence or argument in opposition to the City's motion, he should have presented it via a written response filed at least seven days before the hearing. *Id.*

after they were signed and before the trial court granted the motion to sever, only to have this Court dismiss the appeal for want of jurisdiction because it was interlocutory.[9] By granting the motion to sever, the trial court made it possible for Martin to bring this appeal. The court did not err in severing Martin's claims against the City defendants.

## Conclusion

The trial court had proper grounds for granting the motions to dismiss and the motion for summary judgment. It did not abuse its discretion in denying Martin's verbal request for a continuance made to the court coordinator or in granting the City defendants' motion to sever. We affirm the trial court's orders dismissing Martin's claims against the City defendants.

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed: August 11, 2011

---

[9] *See Martin v. City of Temple*, No. 03-08-00604-CV (Tex. App.—Austin Feb. 13, 2009, no pet.); *see also In re Martin*, No. 03-09-00637-CV (Tex. App.—Austin Nov. 17, 2009, orig. proceeding) (denying petition for writ of mandamus complaining of trial court's granting of partial dismissal).