In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00369-CV
_____

**THOMAS M. KOZAK, ELIZABETH KOZAK, BENJAMIN BUCHANAN, SHANA BUCHANAN, KIM CUNNINGHAM, KEITH DEWBERRY, JOHN T. FONT, AMY R. FONT, TERRI B. SMALLEY, AND EDDIE E. RASCO,** Appellants

**V.**

**LEFEVRE DEVELOPMENT, INC. AND PHILLIP LEFEVRE, INDIVIDUALLY AND D/B/A LEFEVRE INVESTMENTS,** Appellees

---

**On Appeal from the 284th District Court**
**Montgomery County, Texas**
**Trial Cause No. 18-09-11786-CV**

---

**MEMORANDUM OPINION**

Appellants Thomas M. Kozak, Elizabeth Kozak, Benjamin Buchanan, Shana

Buchanan, Kim Cunningham, Keith Dewberry, John T. Font, Amy R. Font, Terri

B. Smalley, and Eddie E. Rasco appeal from a summary judgment in favor of

LeFevre Development, Inc. and Phillip LeFevre, individually and d/b/a LeFevre

Investments (collectively "the LeFevre defendants"). The appellants also appeal

1

the trial court's order granting the LeFevre defendants' motion to sever. We affirm the trial court's summary judgment in favor of the LeFevre defendants and the trial court's severance order.

PROCEDURAL BACKGROUND

In March 2018, the appellants filed suit against Steve Bowen ("Bowen"), Waterstone on Lake Conroe, Inc. ("WOLC"), My Green Homes, Inc., and Virgin Homes, Inc. (collectively the "Bowen defendants") and the LeFevre defendants, alleging causes of action for negligence, nuisance, trespass, and gross negligence against the LeFevre defendants. The appellants own property in WOLC, which is a community that was developed by Bowen, who owns and controls WOLC as well as other entities that participated in its development. According to the appellants' petition, WOLC was built on farmland, and Town Creek ran downstream through the farmland and fed into Lake Conroe. In their petition, the appellants state that the Bowen defendants developed WOLC into a residential and recreation area that included waterfront lots, and canals were dredged along the path of Town Creek to open boat access to Lake Conroe. The appellants stated that the Bowen defendants advertised WOLC as a waterfront community and included the price of constructing a boat slip and boathouse in the sales price of the canal lots.

According to appellants, during Memorial Day Weekend of 2016, a heavy

rain "resulted in a major compromise to the WOLC canals[,]" resulting in dirt, silt, and debris washing down the canal from upstream where portions of the slopes of the canal had collapsed. Appellants' petition alleged that improvements to upstream property owned or controlled by WOLC and the LeFevre defendants were insufficiently engineered because the heavy rain event collapsed the upstream shoreline sending additional silt, dirt, trees, bushes, branches, and other debris downstream into the WOLC community. According to appellants, the debris and erosion clogged boat docks, the shoreline, and the canals, rendering the canals unusable and causing structural damage to boats and boathouses.

Appellants maintained that during the summer of 2016, they tried unsuccessfully to get Bowen to repair the canals, but Bowen blamed the City of Montgomery, the upstream property owner, Phillip LeFevre, and workers whom Bowen had contracted to clear the canal. Appellants' petition states that it had been almost two years since the original rain event and that residents of WOLC were still unable to use waterfront navigable access to Lake Conroe.

Concerning appellants' negligence causes of action, the petition alleged that the LeFevre defendants owed appellants a duty to develop the property upstream in the manner of a reasonable and prudent person, to not damage appellants' property or to impede appellants' ability to access the water in the canals, and to navigate to

Lake Conroe. Appellants alleged that the LeFevre defendants had breached that duty by manipulating the grade or otherwise changing the slope and nature of upstream property, including property along the banks or within the channel of Town Creek or other waterways that flow into WOLC. Appellants also alleged that the LeFevre defendants had breached that duty by failing to adequately design changes to the LeFevre defendants' property, including the design of detention or retention features and the bridge over Town Creek, and that such inadequate design or construction resulted in the collapse of parts of the banks of Town Creek and substantial erosion upstream from appellants' properties. Appellants further alleged that the LeFevre defendants were grossly negligent because their actions involved an extreme degree of risk and that they had and continue to have actual, subjective awareness that their conduct created an extreme degree of risk of harm to appellants, and the LeFevre defendants were consciously indifferent to appellants' rights, safety, and welfare.

Appellants further alleged that the LeFevre defendants' actions in developing and improving upstream property constituted a nuisance, because the actions were intentional or negligent conduct that resulted in abnormal erosion and the collapse of dirt into Town Creek and the waterways that flow into WOLC, which would not have resulted from natural rainfall or the natural flow of water.

4

According to appellants, the LeFevre defendants' actions resulted in major siltation of the waterways within the WOLC community, depositing silt, dirt, and mud across appellants' property and rendering the canals unfit for navigation. Appellants alleged that the LeFevre defendants' actions resulted in substantial erosion, and that the flooding, excess water, and erosion have substantially interfered with appellants' use and enjoyment of their property. The petition also alleged that the LeFevre defendants' actions constitute a trespass.

The LeFevre defendants filed a traditional motion for summary judgment, in which they asserted that they are entitled to judgment as a matter of law because they owe appellants no common law duty relating to erosion control or to water in streams and canals, and because the statutory duty under section 11.086 of the Texas Water Code does not apply in this case. The LeFevre defendants maintained that LeFevre Development, Inc. ("LDI") had not made any improvements to its upstream property, and Phillip LeFevre and LeFevre Investments, which had been defunct since 2000, do not own any upstream property. Attached to the LeFevre defendants' motion for summary judgment is the affidavit of Phillip LeFevre, in which Phillip averred that neither he nor LDI were involved in the development of WOLC. The affidavit does aver that LDI paid for half of WOLC's costs in dredging the canals along the path of Town Creek.

5

According to Phillip, three heavy rain events within a span of approximately sixteen months caused upstream dirt, silt, and debris to wash downstream and resulted in a major compromise to the WOLC canals and the surrounding land. Phillip asserted that these storms created floods that caused a dramatic change to Town Creek by collapsing its slope, washing away all the vegetation, and leaving only dirt on the banks. Phillip explained that because of the storms, Town Creek went from being roughly twenty feet wide to one hundred feet wide within a short span of time, and photographs of Town Creek were included as an exhibit. Phillip averred that in 2008, he and his wife conveyed upstream property to LDI, and that he has a security interest on the purchase note, but he does not currently own any upstream property. According to Phillip, LDI has not developed its upstream property, and he attached photographs of LDI's property and copies of three property deeds to show that the upstream property that LDI owns is unimproved. Phillip stated that although he had been sued individually and as d/b/a LeFevre Investments, he did not individually own any upstream property, and LeFevre Investments is not an assumed name, but a corporation that has been defunct since 2000 and that owns no upstream property.

Appellants filed a response to the motion for summary judgment, in which they argued that the motion was premature because they had not had an

opportunity to conduct discovery, and appellants maintained that they needed to obtain responses from the outstanding requests for disclosure to respond to the motion for summary judgment. Appellants argued that the LeFevre defendants have a common law duty not to damage their property by erosion and water flow. Appellants attached records they printed from the Montgomery County Appraisal District's website, which they contend show the LeFevre defendants' ownership of property along Town Creek and the canals. Appellants further argued that the records show that the LeFevre defendants have owned more than three parcels of land along the canal over the years and that LDI has improved property by adding bulkheads. Appellants maintained that soil and debris from the LeFevre defendants' upstream properties washed downstream, damaged bulkheads, boathouses, and real property, and silted up the canals, rendering them useless for navigation. According to appellants, their suit does not include a claim for the diversion of surface water under section 11.086 of the Texas Water Code; rather, they are suing for damages caused by the defendants depositing their upstream silt, mud, and debris onto appellants' property and into the canal and for the defendants' failure to properly develop their property to prevent erosion and collapse.

Appellants argued that the motion for summary judgment is based entirely on the affidavit of Phillip, who is an interested party, and without the benefit of meaningful discovery, Phillip's affidavit was difficult to controvert. According to appellants, they controverted Phillip's affidavit with testimony offered by the declaration of Dr. Thomas M. Kozak, which appellants attached to their response. In his declaration, Kozak stated that he and the other residents of WOLC filed the lawsuit to conduct discovery to determine who is responsible for their plight, and the LeFevre defendants were included in the lawsuit because Bowen claimed they were partially to blame for the problem with the canals. Kozak stated that the heavy rains during Memorial Day Weekend of 2016 caused a major compromise to the WOLC canals, and during the storm event, dirt, silt, and debris washed down the canal from upstream where portions of the slopes of the canal collapsed, hindering navigability and access to Lake Conroe.

Kozak maintained that because improvements to upstream property owned or controlled by the LeFevre defendants were insufficiently engineered, the heavy rain collapsed the upstream shoreline and sent additional silt, dirt, trees, bushes, branches, and other debris into WOLC. According to Kozak, the LeFevre defendants changed the contours of Town Creek by grading and installing bulkheads on upstream property, and the bulkheads failed to hold back the walls of

8

Town Creek Canal during the storm, resulting in the damage to appellants' property. Kozak stated that land now owned by LDI was previously owned by Phillip in his individual capacity, and while appellants do not know "what year any work, changes, or improvements may have been done to this land[,]" they need to conduct discovery to determine if any act or omission by Phillip caused any of their damages. Kozak relied on the records from the Montgomery County Appraisal District to show that LeFevre Investments owns upstream property, and Kozak stated that the LeFevre defendants have owned and controlled parcels of land along the canal over the years, and dirt and debris sloughing off these properties contributed to the siltation of the canal and damaged appellants' property.

Appellants maintained that by offering the declaration of Kozak and the appraisal district records, they presented competent summary judgment evidence raising controverting facts concerning the ownership of the property and whether LDI had improved the property with bulkheads and altered the natural contour of the canal. Appellants argued that the fact issues must be resolved through discovery. Appellants also complained that the LeFevre defendants' motion for summary judgment failed to address their common law trespass claim.

One of appellants' attorneys, Brett J. Sileo, filed a declaration requesting a continuance for the submission of the LeFevre defendants' motion for summary judgment. In his motion, Sileo argued that the motion for summary judgment was premature because appellants had not been given adequate time to conduct discovery. Sileo asked the trial court to grant a continuance or deny the LeFevre defendants' motion for summary judgment. The trial court granted the LeFevre defendants' motion for summary judgment. The trial court also granted the LeFevre defendants' motion to sever appellants' claims against them to permit the summary judgment to become final. Appellants appealed the trial court's order granting the LeFevre defendants' motion for summary judgment and the trial court's order of severance.

## MOTION FOR SUMMARY JUDGMENT

In issues two, three, and four, appellants argue that the trial court erred by granting the LeFevre defendants' motion for summary judgment. We review summary judgment orders *de novo*. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). The party moving for traditional summary judgment must establish that no genuine issue of material fact exists and it is entitled to judgment as a matter of law on the issues set forth in the motion. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289

S.W.3d 844, 848 (Tex. 2009). A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment. *Boerjan v. Rodriguez*, 436 S.W.3d 307, 310 (Tex. 2014).

We consider evidence that supports the position of the moving party only if such evidence is uncontradicted. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex. 1965); *Procter v. RMC Capital Corp.*, 47 S.W.3d 828, 830 (Tex. App.—Beaumont 2001, no pet.). A matter is conclusively established if reasonable people could not differ in their conclusions from the evidence. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). To establish facts through an interested witness, the testimony must be clear, positive, direct, credible, free from contradiction, and susceptible to being readily controverted. Tex. R. Civ. P. 166a(c); *McIntyre v. Ramirez*, 109 S.W.3d 741, 749 (Tex. 2003).

If the moving party produces evidence entitling it to summary judgment, the burden shifts to the non-movant to present evidence that raises a fact issue. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). To be competent evidence to oppose a summary judgment, an affidavit must do more than make conclusory, self-serving statements that lack factual detail. *Haynes v. City of Beaumont*, 35 S.W.3d 166, 178 (Tex. App.—Texarkana 2000, no pet.). Opposing affidavits must be made on

11

personal knowledge and must set forth facts that would be admissible in evidence. Tex. R. Civ. P. 166a(f). "Conclusory affidavits are not sufficient to raise fact issues because they are not credible or susceptible to being readily controverted." *Pipkin v. Kroger Tex., L.P.*, 383 S.W.3d 655, 670 (Tex. App.—Houston [14th Dist.] 2012, pet. denied).

In determining whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). We review the summary judgment record "in the light most favorable to the non[-]movant, indulging every reasonable inference and resolving any doubts against the motion." *City of Keller*, 168 S.W.3d at 824. We must affirm the summary judgment if any of the grounds asserted in the motion are meritorious. *Tex. Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 648 (Tex. 2004).

In issue two, appellants contend that the trial court erred by granting summary judgment and accepting the LeFevre defendants' arguments that they owed no duty to appellants. According to appellants, the LeFevre defendants' "no duty" arguments were inapplicable to appellants' allegations of common law negligence and nuisance. Appellants contend that the basis for their negligence, nuisance, and trespass causes of action is their allegation that the LeFevre

12

defendants' improper design and construction of the canals resulted in their collapse. We first examine whether the LeFevre defendants established that they were entitled to judgment as a matter of law based on the issue that they owed no duty to appellants. *See* Tex. R. Civ. P. 166a(c); *Fielding*, 289 S.W.3d at 848.

To prevail on a negligence claim, a plaintiff must prove three elements: (1) legal duty owed by one person to another; (2) breach of that duty, and (3) damages proximately caused by the breach. *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006); *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002). To establish gross negligence, a plaintiff must prove two additional elements by clear and convincing evidence: (1) that from the actor's standpoint, the act or omission complained of involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and (2) that the actor had actual subjective awareness of the risk involved but nevertheless proceeded in conscious indifference of the rights and safety or welfare of others. *Alcoa, Inc, v. Behringer*, 235 S.W.3d 456, 459 (Tex. App.—Dallas 2007, pet. denied).

"The threshold inquiry in a negligence case is whether the defendant owes a legal duty to the plaintiff." *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). To establish liability in tort, the plaintiff must establish the existence and the violation of a duty that the defendant owes the plaintiff. *Id.* Whether a legal

13

duty exists is a question of law for the court to decide based on the particular facts surrounding the occurrence in question. *Behringer*, 235 S.W.3d at 459-60. Although appellants contend that there is a common law duty to prevent the siltation of downstream property, the cases appellants cite are distinguishable from the facts in this case. *See Sullivan v. Brokers Logistics, Ltd.*, 357 S.W.3d 833, 835, 840-41 (Tex. App.—El Paso 2012, pet. denied) (finding defendant's failure to account for upstream stormwater runoff caused sediment transport and silt buildup on a railroad spur north of plaintiff's property); *Nugent v. Pilgrim's Pride Corp.*, 30 S.W.3d 562, 656-66 (Tex. App.—Texarkana 2000, pet. denied) (alleging damages to land were caused by defendants' negligent dumping of chemicals and chicken waste which were carried by rainfall and erosion down a creek to plaintiff's adjoining farm); *McKinney v. Meador*, 695 S.W.2d 812, 813-14 (Tex. App.—Tyler 1985, writ ref'd n.r.e) (finding defendants liable for negligently planning and constructing a runway extension at an airport that flooded properties due to the increased drainage of surface water from the construction site).

Because appellants have cited no authority that imposes a duty on a non-adjoining, upstream landowner to prevent its land from eroding or silting into a canal, we conclude that the trial court did not err in granting summary judgment in

14

the LeFevre defendants' favor on appellants' negligence and gross negligence claims.

Appellants also argue that the trial court erred by granting summary judgment on their nuisance claim. "A 'nuisance' is a condition that substantially interferes with the use and enjoyment of land by causing unreasonable discomfort or annoyance to persons of ordinary sensibilities attempting to use and enjoy it." *Holubec v. Brandenberger*, 111 S.W.3d 32, 37 (Tex. 2003). A nuisance arises when a defendant causes (1) physical harm to property, such as by the encroachment of a damaging substance or by the property's destruction, (2) physical harm to a person on his property from an assault on his senses or by other personal injury, and (3) emotional harm to a person from the deprivation of the enjoyment of his property through fear, apprehension, or loss of peace of mind. *Salazar v. Sanders*, 440 S.W.3d 863, 870 (Tex. App.—El Paso 2013, pet. denied); *Aguilar v. Trujillo*, 162 S.W.3d 839, 850 (Tex. App.—El Paso 2005, pet. denied).

To have an actionable nuisance, a defendant must generally engage in one of three kinds of activity: (1) intentional invasion of another's interests; (2) negligent invasion of another's interests; or (3) other conduct that is culpable because it is abnormal and out of place in its surroundings, and that invades another's interests. *Aguilar*, 162 S.W.3d at 850. Appellants argued that their nuisance cause of action

is based on the LeFevre defendants' alleged improper design and construction of the canals. To prevail on a nuisance claim grounded in negligence, the plaintiff must allege and prove a legal duty owed to the plaintiff, a breach of that duty, and damage proximately resulting from that breach. *Crosstex N. Tex. Pipeline, L.P. v. Gardiner*, 505 S.W.3d 580, 607 (Tex. 2016). Having already concluded that appellants have failed to cite any authority that imposes a legal duty on the LeFevre defendants, we conclude that the trial court did not err in granting summary judgment in the LeFevre defendants' favor on appellants' nuisance claim. We overrule issue two.

In issue three, appellants argue that the trial court erred by granting summary judgment based on the LeFevre defendants' argument that section 11.086 of the Texas Water Code preempts their common law negligence and nuisance claims. *See* Tex. Water Code Ann. § 11.086(a) (West 2018) (prohibiting the unlawful diversion or impoundment of the natural flow of surface waters). We note that both appellants and the LeFevre defendants agree that this case does not involve surface waters, but channeled water that is not regulated by section 11.086 of the Water Code. *See id.*; *Dietrich v. Goodman*, 123 S.W.3d 413, 419 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (noting that the chief characteristic of surface water is that it does not follow a defined course or channel and does not gather into or form

16

a natural body of water). The LeFevre defendants argued that they owed no statutory duty to appellants under section 11.086 because the channeled water flowing through Town Creek into a canal and then into Lake Conroe does not qualify as surface waters. *See Dietrich*, 123 S.W.3d at 419. Having already concluded that the trial court properly granted summary judgment with respect to appellants' negligence and nuisance claims, we overrule issue three.

In issue four, appellants argue that the trial court erred by granting summary judgment because they raised issues of fact regarding the LeFevre defendants' ownership and improvement of upstream property. Appellants maintain that Kozak's sworn declaration included testimony that the LeFevre defendants' property on the upstream portion of Town Creek canal, west of the Buffalo Springs Bridge and south of the canal, was dredged and improved with bulkheads that altered the contours of the canal. Appellants contend that the LeFevre defendants admitted to paying half of the cost of dredging the Town Creek Canal that runs through WOLC. According to appellants, Kozak's declaration also included a photograph taken in January of 2018, and Kozak maintained that the photograph shows that one or more of the LeFevre defendants installed bulkheading, but Kozak stated that the bulkhead was not visible because it is either completely covered with silt or has been washed away completely.

17

Appellants argue that they presented evidence from the Montgomery County Appraisal District showing that the LeFevre defendants have owned or controlled more than just the three parcels of land that they identified in their motion for summary judgment. Appellants also argued that there is a fact issue about the involvement of Phillip individually, because of his history of individual ownership of certain parcels of land and because of his ownership of LeFevre Investments, Inc. According to appellants, "fact issues exist as to which LeFevre entity owned which parcels of property at what time and when the dredging and bulkheading improvements were made by which of [the] LeFevre defendants."

The LeFevre defendants contend that real property records confirm ownership and not records from the appraisal district, and appellants have failed to attach any deeds showing that the LeFevre defendants own any additional upstream property. The LeFevre defendants also argue that appellants' evidence failed to show that the LeFevre defendants have made improvements to upstream property.

Conclusory affidavits are not competent summary judgment evidence and are insufficient to create a question of fact to defeat summary judgment. *See Pipkin*, 383 S.W.3d at 670. If a statement fails to provide the underlying facts to support its conclusions, it is conclusory, and an unsupported legal conclusion is

likewise conclusory. *Montoya v. Nichirin-Flex, U.S.A, Inc*., 417 S.W.3d 507, 513 (Tex. App.—El Paso 2013, no pet.). Kozak's declaration contains conclusory statements that fail to provide underlying facts to support his conclusion that the LeFevre defendants made improvements to upstream property, as Kozak states that he did not know what year any work, changes, or improvements may have been done to the land owned by the LeFevre defendants. Kozak also stated that the bulkhead is not visible in the photograph because the bulkhead had either washed away or was buried by silt.

Additionally, while Kozak concludes that the LeFevre defendants own more than the three parcels of land that they identified in their motion for summary judgment, Kozak fails to support his conclusion. Kozak states that the LeFevre defendants have owned or controlled lots at various times that have been bought and sold over the years and that the LeFevre defendants still own some of these lots. As support for his conclusion that the LeFevre defendants own additional lots, Kozak merely refers to two attachments to his declaration that appear to be printed from the Montgomery County Appraisal District website and that are titled "Montgomery Central Appraisal District Interactive Maps." We conclude that Kozak's affidavit is conclusory and that none of the evidence in the declaration created a fact issue as to the LeFevre defendants' ownership and improvement to

upstream property. *See Montoya*, 417 S.W.3d at 513; *Pipkin*, 383 S.W.3d at 670. Accordingly, we overrule issue four.

In issue five, appellants complain that the trial court erred by granting summary judgment on their trespass claim because the LeFevre defendants' motion for summary judgment failed to address their trespass claim. According to appellants, the LeFevre defendants claimed that their "no duty" arguments pertaining to the appellants' negligence and nuisance claims were also applicable to appellants' trespass claim.

Our review of the record shows that in their motion for summary judgment, the LeFevre defendants argued that they were entitled to summary judgment as a matter of law on appellants' trespass claim. The LeFevre defendants argued that LDI had not developed its upstream property and thus did nothing to cause any erosion or water intrusion on appellants' property. The LeFevre defendants also argued that Phillip and LeFevre Investments did not own any upstream property which appellants contend has eroded, washed downstream, and clogged the canal. On appeal, the LeFevre defendants maintained that as a matter of law, there was no basis for a trespass claim because Phillip's affidavit showed that Phillip and LeFevre Investments did not own any upstream property which was the alleged

20

origin of the trespass, and that LDI had not developed its upstream property and thus did nothing to cause any erosion or water intrusion on appellants' property.

A person can commit the offense of trespass by either entering another person's land or by causing or permitting a thing to cross the boundary of the premises. *Aguilar*, 162 S.W.3d at 851; *City of Arlington v. City of Fort Worth*, 873 S.W.2d 765, 769 (Tex. App.—Fort Worth 1994, writ. dism'd w.o.j.). A trespass to real property involves the unauthorized and intentional entry on the land of another. *Nugent*, 30 S.W.3d at 575. A person may be liable in trespass when he intentionally acts to cause or permit a thing to cross the boundary of a property. *Id.* "Intent can be shown by proof that, while the actor did not know his conduct would result in trespass, his actions were practically certain to have that effect." *Id.*

In their petition appellants pleaded that the LeFevre defendants' actions caused water, dirt, sand, and debris and other materials to enter appellants' property. Phillip's affidavit showed that neither he nor LeFevre Investments owned any upstream property and thus could not have committed any of the alleged actions that caused water, dirt, and other materials to enter appellants' property. Phillip's affidavit further showed that LDI did not make any improvements to its upstream property, and thus did not commit any of the alleged actions that formed the basis of appellants' trespass claim. Having already concluded that appellants

failed to raise an issue of fact regarding the LeFevre defendants' ownership and non-development of upstream property, we conclude that the trial court did not err in granting summary judgment on appellants' trespass claim. We overrule issue five.

## MOTION FOR CONTINUANCE

In issue one, appellants complain that the trial court erred by denying their motion for continuance and prematurely granting the LeFevre defendants' motion for summary judgment, thereby denying appellants the opportunity to conduct discovery. Appellants argue that the trial court should have allowed them a reasonable opportunity to conduct discovery because the LeFevre defendants' traditional motion for summary judgment included no-evidence arguments. Appellants maintain that the declaration of plaintiff's counsel verified that appellants needed more time to complete discovery.

We review the denial of a motion for continuance for an abuse of discretion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986). A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to any guiding rules or principles. *Downer v. Aquamarine Operators., Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). Generally, in a summary judgment context, the trial court does not abuse its discretion by denying a motion for continuance if the party

moving for continuance has received the twenty-one days' notice required by rule 166a(c) of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 166a(c). In considering a request for continuance, the trial court can presume that a plaintiff has investigated its case prior to filing the petition. *See Clemons v. Citizens Med. Ctr.*, 54 S.W.3d 463, 469 (Tex. App.—Corpus Christ 2001, no pet.).

A party against whom a claim is asserted may, at any time, move for a summary judgment in his favor. *See* Tex. R. Civ. P. 166a(b). We note that a traditional motion for summary judgment is not subject to the same restrictions as a no-evidence summary judgment, which a trial court may not grant until an adequate time for discovery has passed. *See* Tex. R. Civ. P. 166a(i); *Reynolds v. Murphy*, 188 S.W.3d 252, 258 n.8 (Tex. App.—Fort Worth 2006, pet. denied). Appellants' motion for continuance was based on their need to fully respond to the motion for summary judgment and to develop evidence to controvert the motion. The trial court does not abuse its discretion in denying a motion for continuance when the motion is based on the need to obtain immaterial information that could not have made any difference in the outcome. *Chico Auto Parts & Serv., Inc. v. Crockett*, 512 S.W.3d 560, 579 (Tex. App.—El Paso 2017, pet. denied). Because the question of whether the LeFevre defendants owed appellants a duty is a question of law, the trial court did not abuse its discretion by denying the

continuance that requested additional discovery that was unnecessary and irrelevant to the legal issue. *See id.* at 579-80; *Patten v. Johnson*, 429 S.W.3d 767, 776 (Tex. App.—Dallas 2014, pet. denied). We overrule issue one.

## MOTION FOR SEVERANCE

In issue six, appellants argue that the trial court erred by granting the LeFevre defendants' motion for severance because their negligence, nuisance, and trespass claims against the LeFevre defendants and the Bowen defendants related to the same circumstances and actions and were "so interwoven" that they could not be properly severed. According to appellants, the silting damages caused by the LeFevre defendants and the Bowen defendants constituted an indivisible injury.

We review a severance order for an abuse of discretion. *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996). Rule 41 of the Texas Rules of Civil Procedure provides that "[a]ny claim against a party may be severed and proceeded with separately." Tex. R. Civ. P. 41. Under Rule 41, "[a] claim is properly severable if (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining [cause of] action that they involve the same facts and issues." *Guar. Fed. Sav. Bank v. Horseshow Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990). In

a case with multiple defendants, if summary judgment is properly granted in favor of one defendant, it is generally proper to sever the claim against that defendant for purposes of appeal. *Arredondo v. City of Dallas*, 79 S.W.3d 657, 665 (Tex. App.—Dallas 2002, pet. denied). Having upheld the trial court's summary judgment, we conclude that the trial court did not abuse its discretion by severing appellants' claims against the LeFevre defendants from appellants' claims against the Bowen defendants. *See Guidry v. Nat'l Freight, Inc.*, 944 S.W.2d 807, 812 (Tex. App.—Austin 1997, no writ). We overrule issue six. Having overruled each of appellants' issues, we affirm both the trial court's summary judgment in favor of the LeFevre defendants and the trial court's severance order.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on March 26, 2019
Opinion Delivered May 23, 2019

Before McKeithen, C.J., Kreger and Johnson, JJ.